**Festus A. BAKER, Plaintiff,**

v.

**AMERICAN BROADCASTING COMPANY, Defendant.**

**No. CV 82–2226.**

United States District Court,
E.D. New York.

April 20, 1984.

Parker, Auspitz, Neesemann & Delehanty by Kim J. Landsman, New York City, for plaintiff.

Skadden, Arps, Slate, Meagher & Flom by Henry P. Baer, New York City, for defendant.

## MEMORANDUM and ORDER

WEINSTEIN, Chief Judge:

Defendant, American Broadcasting Company moves for attorney's fees pursuant to 42 U.S.C. § 1988, following judgment for ABC after a non-jury trial. Because the plaintiff's claim was neither frivolous nor vexatious, the motion for fees is denied. The motion exposed a serious defect in the court's rules governing attorneys appointed from our Pro Bono Panel. For the reasons stated below, the rules have been modified to give greater protection to lawyers who generously donate their services to assist poor people in our court. The case reveals some basic problems when compassion and concern for equal justice are substituted for market place economics in supplying legal services.

### I. FACTS

Plaintiff pro se filed a claim against ABC, two of its employees and an employee of Bell Agency Security, charging race and national origin discrimination in his dismissal from his job as a security guard at ABC. Counsel was appointed for him from the Eastern District Pro Bono Panel.

Prior to trial, plaintiff voluntarily dismissed the actions against the two ABC employees and settled with Bell Agency's employee for $3,500.

At the conclusion of plaintiff's case the court granted defendant's motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and entered judg-

ment for ABC. The evidence established that plaintiff had failed to do his job and was fired for that reason alone. On plaintiff's attorney's motion to reduce costs in view of plaintiff's indigency, the court limited costs to $250. No further motions were made or findings of fact requested.

Subsequently, defendant filed this motion for attorney's fees, seeking to recover the $3,500 Mr. Baker received in settlement from one of the defendants. The total legal fees of ABC in defending the case were $125,000. Plaintiff's pro bono counsel sought some $5,500 from the Court's pro bono funds for out of pocket expenses, primarily those incurred in taking depositions.

## II. LAW

■ Plaintiff opposes defendant's motion for fees on the ground that it seeks to alter or amend the judgment and this right was waived when the motion was not made within ten days of the close of trial. A motion for attorney's fees under section 1988 of title 42 is not a motion to alter or amend a judgment subject to Rule 59(e) of the Federal Rules of Civil Procedure's time limitations. *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). The objection on procedural grounds is without merit.

■ A defendant who prevails in an employment discrimination action is entitled to attorney's fees if plaintiff's claim was "frivolous, unreasonable, or groundless." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978); *Prate v. Freedman*, 583 F.2d 42, 46 (2d Cir.1978). The district court's power to award fees is discretionary and the fact that plaintiff has not prevailed on the merits does not mean that fees are properly assessed in favor of the victorious party. *Christiansburg*, at 421–22, 98 S.Ct. at 700.

■ Plaintiff's claims were neither frivolous nor groundless. Although he did not prevail at trial and the court found much of his testimony not credible, plaintiff did produce witnesses whose testimony provided some support for his claims. There is little doubt that many competent and ethical members of the bar would have certified his complaint as "well grounded in fact and ... warranted by existing law" under Rule 11 of the Federal Rules of Civil Procedure.

In addition to arguing that plaintiff's claim was frivolous, defendant relies on an unjust enrichment theory, claiming that plaintiff should not be entitled to retain the $3500 obtained in settlement. In opposing the motion, plaintiff's counsel indicated that in a routine case his firm would have recovered part of their costs out of that settlement amount. It was his opinion, however, that the Eastern District Rules Governing Procedures for Appointment of Attorneys in Pro Se Civil Actions prohibited him from doing so in this case.

While counsel's reading of the then rule was correct, the rule never was intended to prohibit recovery of expenses out of any settlement or judgment. As a result of this case the rule has been modified, as indicated below by the italicized portions, to make it clear that pro bono attorneys may recover their out of pocket expenses:

Rule 6. Expenses

(a) The appointed attorney or the firm with which he or she is affiliated shall *in the first instance* bear the cost of any expenses of the litigation (e.g., discovery expenses, subpoena fees, transcript expenses), except as specified in Rule 6(b), *subject to the obligation of the client to pay expenses out of any recovery or any of his own assets.*

■ Unjust enrichment is not a theory upon which fees are recoverable under section 1988 of title 42. That is particularly true here since the settlement would have been applied in the first instance to plaintiff's attorney's disbursements were it not for Rule 6(a) as it formerly read. Since plaintiff's attorney acted in good faith under the then applicable rule, his firm's expenses have been paid from the Eastern District Civil Litigation Fund pursuant to

rule 6(b) of the Rules Governing Appointment of Attorneys in Pro Se Civil Actions.

■ Representation by an attorney who can absorb litigation expenses may be the only way an impecunious litigant can pursue a cause of action. Allowing an attorney from the Eastern District Pro Bono panel to advance, and in some cases be ultimately responsible for, expenses is not inconsistent with the general prohibition of this practice embodied in DR5–103(B) of the American Bar Association's Code of Professional Responsibility.

The pro bono attorney has been appointed by the court to ensure the availability of justice to all who come before us. It cannot be "violative of law or public policy to give financial aid to a poor suitor who is prosecuting a meritorious cause of action." *Jahn v. Champagne Lumber Co.*, 157 F. 407, 418 (W.D.Wis.1903).

The ethics panel of the American Bar Association has approved of pro bono attorneys advancing litigation expenses for indigent clients. *See* ABA Formal Opinion 259 (1943) and ABA Informal Opinion 1361 (1976). In the Model Rules of Professional Conduct, the ABA has adopted a rule explicitly permitting a pro bono attorney to assume the ultimate costs of litigation:

> Conflict of Interest: Prohibited Transactions
>
> (c) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:
>
> > (1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and
> >
> > (2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

Rule 1.8. The Committee on Professional and Judicial Ethics of the Association of the Bar of the City of New York, after studying the "E.D.N.Y. *Pro Se* Plan," has also concluded that a pro bono attorney "may ethically absorb cases incurred on behalf of the client." Inquiry Reference No. 82–25, 82–73 (1984). This opinion by the Committee of the Bar chaired by Mark C. Morril, Esq. is particularly useful and comprehensive.

Consistent with the ethical opinions of the American and City Bar Associations, Rule 6 of the Rules Governing Procedures for Appointment of Attorneys in Pro Se Civil Actions provides that attorneys may advance litigation expenses for pro bono clients. The rule as now written conforms to ethical practice in allowing the pro bono attorney to recover litigation expenses when there is a settlement or final judgment in plaintiff's favor.

The normal economic incentive to settle or even drop a case when the likelihood of success appears low is skewed away from early disposition when a client is represented pro bono and knows it will cost him nothing to litigate on principle to the death. The understanding that the plaintiff may be responsible for litigation expenses may tend to bring some healthy economic pressure to bear on his litigation decisions.

Following the amendment to Rule 6, the court amended its letter to pro bono litigants to warn them of their liability for expenses. The letter now reads as follows:

Re: _____

Dear _____ :

The Eastern District of New York has appointed a volunteer attorney to your pending civil case. The appointment of this attorney does *not* indicate any opinion on the part of the Court regarding the merit or lack of merit of this case. The assigned attorney, according to court approved Rules, may decline to accept the appointment. If the appointed attorney agrees to represent you in this matter, a Notice of Appearance will be filed by the attorney.

As long as you remain financially unable to bear the costs of this litigation, assigned counsel is authorized by the Court to bear, in the first instance, the cost of any expenses of the litigation. Please be aware, however, that if you are awarded any recovery by the Court that

any expenses incurred by the assigned attorney on your behalf will be reimbursed to the attorney from the recovery. Only where there has been no recovery by you and where the assigned attorney has sought the consent of the Court for a substantial outlay of expense monies will the Court consider reimbursement to the attorney from an attorney expense fund held in the custody of the Eastern District Civil Litigation Fund, Inc.

Sincerely,
Robert C. Heineman
Clerk of Court

■ Because the client ultimately may bear none of the costs of litigation and because in any event he or she does not pay legal fees, the appointed attorney may face excruciating decisions in deciding how firmly to press the case. One guideline is provided by the requirement that pleadings and motions conform to the certification requirements of Rule 11 of the Federal Rules of Civil Procedure. Recently this court noted the legal and ethical obligation of a government attorney to proceed only if "suit is being pressed because he or she believes, as a professional, that it is well-founded." *Zimmerman v. Schweiker*, 575 F.Supp. 1436, 1440 (E.D.N.Y.1983). This suggestion applies with no less force to pro bono attorneys. Nevertheless, the ethical problems pro bono counsel face remain largely unresolved and warrant further attention from the bench and bar.

In the instant case, appointed counsel for plaintiff acted with impeccable concern for both his client and the court. He litigated with great skill and propriety.

Defendant's motion is denied without costs or disbursements.

SO ORDERED.