# WHITE *v.* NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY ET AL.

No. 80–5887.   Argued November 30, 1981—Decided March 2, 1982

POWELL, J., delivered the opinion of the Court, in which BURGER, C. J., and BRENNAN, WHITE, MARSHALL, REHNQUIST, STEVENS, and O'CONNOR, JJ., joined. BLACKMUN, J., filed an opinion concurring in the judgment, *post*, p. 455.

*E. Richard Larson* argued the cause for petitioner. With him on the briefs were *Bruce J. Ennis* and *Raymond J. Kelly*.

*Marc R. Scheer*, Assistant Attorney General of New Hampshire, argued the cause for respondents. With him on the brief was *Gregory H. Smith*, Attorney General.*

JUSTICE POWELL delivered the opinion of the Court.

The issue in this case arises from a postjudgment request for an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U. S. C. § 1988. The question is whether such a request is a "motion to alter or

---

*Briefs of *amici curiae* urging reversal were filed by *Donald E. Ware* and *Scott C. Moriearty* for the Lawyers' Committee for Civil Rights Under Law of the Boston Bar Association et al.; and by *Jack Greenberg, James M. Nabrit III*, and *Charles Stephen Ralston* for the NAACP Legal Defense and Educational Fund, Inc.

*Marc L. Parris, Charles Apotheker*, and *Martin Hurwitz* filed a brief for the County of Rockland, New York, as *amicus curiae*.

amend the judgment," subject to the 10-day timeliness standard of Rule 59(e) of the Federal Rules of Civil Procedure.[1]

## I

This litigation began in March 1976, when the petitioner Richard White filed suit against respondent New Hampshire Department of Employment Security (NHDES) and its Commissioner. White claimed that the respondent failed to make timely determinations of certain entitlements to unemployment compensation, thereby violating an applicable provision of the Social Security Act, 42 U. S. C. § 503(a)(1), the Due Process Clause of the Constitution of the United States, and 42 U. S. C. § 1983. Alleging federal jurisdiction under 28 U. S. C. § 1343, he sought declaratory and injunctive relief and "such other and further relief as may be equitable and just." App. 15. His complaint did not specifically request attorney's fees.

Following certification of the case as a class action, the District Court granted relief on petitioner's claim under the Social Security Act.[2] Pending an appeal by NHDES to the Court of Appeals, however, the parties signed a settlement agreement. The case was then remanded to the District Court, which approved the consent decree and gave judgment accordingly on January 26, 1979.

Five days after the entry of judgment, counsel to White wrote to respondent's counsel, suggesting that they meet to discuss the petitioner's entitlement to attorney's fees as a prevailing party under 42 U. S. C. § 1988. No meeting appears to have been held. On June 7, 1979, approximately

---

[1] Rule 59(e) provides:

"(e) Motion to Alter or Amend a Judgment

"A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

[2] Civ. No. 76–71 (NH, Nov. 15, 1977), as amended, Civ. No. 76–71 (NH, Dec. 16, 1977).

four and one-half months after the entry of a final judgment, the petitioner White filed a motion in which an award of fees formally was requested.

In a hearing in the District Court, respondent's counsel claimed he had been surprised by petitioner's postjudgment requests for attorney's fees.[3] He averred he understood that the consent decree, by its silence on the matter, implicitly had waived any claim to a fee award. White's counsel asserted a different understanding. Apparently determining that the settlement agreement had effected no waiver,[4] the District Court granted attorney's fees in the sum of $16,644.40.

Shortly thereafter, respondent moved to vacate the consent decree. It argued, in effect, that it had thought its total liability fixed by the consent decree and that it would not have entered a settlement knowing that further liability might still be established. The District Court denied the motion to vacate.

On appeal, the Court of Appeals for the First Circuit reversed the District Court's decision to award attorney's fees under § 1988. 629 F. 2d 697 (1980). The court held that petitioner's postjudgment motion for attorney's fees constituted a motion to alter or amend the judgment, governed by Rule 59(e) of the Federal Rules of Civil Procedure and its 10-day time limit. 629 F. 2d, at 699.

In holding as it did, the Court of Appeals recognized that § 1988 provided for the award of attorney's fees "as part of the costs."[5] But it declined to follow a recent decision of the

---

[3] Transcript of the District Court Hearing on Plaintiffs' Motion for Attorney's Fees (Aug. 21, 1979), App. 56, 68–69.

[4] The District Court found specifically that the parties' prejudgment "attempts" to negotiate a waiver of costs and fees had proved "nugatory." *Id.*, at 75.

[5] The pertinent language of 42 U. S. C. § 1988 provides that

"[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U. S. C. 1681 *et seq.*], . . . the court, in its discretion, may allow the prevailing

Court of Appeals for the Fifth Circuit[6] that treated a § 1988 fee request as a motion for "costs" under Federal Rules of Civil Procedure 54(d)[7] and 58[8]—Rules that contain no explicit time bars. Despite the language of § 1988, the Court of Appeals reasoned that attorney's fees could not be the kind of "costs" contemplated by Rules 54(d) and 58. It reached this conclusion by looking to 28 U. S. C. § 1920, which specifies various "costs" that can be assessed by a clerk of court under Rule 54. The court found all to be "capable of routine computation" on a day's notice. 629 F. 2d, at 702. By contrast, an award of attorney's fees must be made by a judge. Further, as in this case, a fee award could affect substantially the total liability of the parties.

The Court of Appeals found this case distinguishable from *Hutto* v. *Finney*, 437 U. S. 678 (1978), in which this Court characterized attorney's fees, under the Fees Act, as "costs" taxable against a State. In *Hutto*, the Court of Appeals reasoned, the narrow question was whether the States have Eleventh Amendment immunity against liability for attorney's fees. The question was not whether attorney's fees are costs under Rule 54. The court also dismissed the argument that a request for attorney's fees is "a collateral and in-

---

party, other than the United States, a reasonable attorney's fee as part of the costs."

[6] *Knighton* v. *Watkins*, 616 F. 2d 795 (1980).

[7] Rule 54(d) provides:

"(d) Costs

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . . Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Unless so defined by statute, attorney's fees are not generally considered "costs" taxable under Rule 54(d). *Alyeska Pipeline Service Co.* v. *Wilderness Society*, 421 U. S. 240 (1975).

[8] Rule 58 states in pertinent part:

"Entry of the judgment shall not be delayed for taxing of costs."

dependent claim" properly adjudicated separately from a claim on the merits.

Because other Courts of Appeals have reached different conclusions about the applicability of Rule 59(e) to post-judgment motions for the award of attorney's fees,[9] we granted certiorari in this case to resolve the conflict.[10] We now reverse.

## II

### A

Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment.[11] The question of the court's authority to do so had arisen in *Boaz* v. *Mutual Life Ins. Co. of New York*, 146 F. 2d 321, 322 (CA8 1944). According to their report, the draftsmen intended Rule 59(e) specifically "to care for a situation such as that arising in Boaz."[12]

---

[9] Courts of Appeals for the Fifth, Sixth, and Seventh Circuits have held that postjudgment requests for attorney's fees are not motions to alter or amend a judgment under Rule 59(e), but rather applications for "costs" under Rules 54(d) and 58. See *Johnson* v. *Snyder*, 639 F. 2d 316, 317 (CA6 1981); *Bond* v. *Stanton*, 630 F. 2d 1231, 1234 (CA7 1980); *Knighton* v. *Watkins*, supra, at 797–798. Like the Court of Appeals for the First Circuit in this case, the Court of Appeals for the Tenth Circuit has held squarely that postjudgment requests for fees *are* motions to alter or amend a judgment under Rule 59(e). *Glass* v. *Pfeffer*, 657 F. 2d 252 (1981). The Court of Appeals for the Eighth Circuit has taken still a third position: that a postjudgment motion for attorney's fees raises a "collateral and independent claim" that is not governed either by Rule 59(e) or by the "costs" provisions of Rules 54(d) and 58. *Obin* v. *District No. 9, Int'l Assn. of Machinists and Aerospace Workers*, 651 F. 2d 574, 582 (1981).

[10] 451 U. S. 982 (1981).

[11] Notes of Advisory Committee on 1946 Amendment to Rules, 28 U. S. C., p. 491; 5 F. R. D. 433, 476 (1946).

[12] *Ibid.*

## B

Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits. *E. g.*, *Browder* v. *Director, Illinois Dept. of Corrections*, 434 U. S. 257 (1978). By contrast, a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action [13]—issues to which Rule 59(e) was never intended to apply.

Section 1988 provides for awards of attorney's fees only to a "prevailing party." Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on

---

[13] Petitioner argues that the "collateral" and "independent" character of his request for attorney's fees is conclusively established by *Sprague* v. *Ticonic National Bank*, 307 U. S. 161 (1939). In *Sprague* this Court considered the power of a federal court to award counsel fees pursuant to an application filed several years after the entry of a judgment on the merits. Rejecting arguments that the request sought an impermissible reopening of the underlying judgment, the Court held that the petition for reimbursement represented "an independent proceeding supplemental to the original proceeding and not a request for a modification of the original decree." *Id.*, at 170. The passage of time thus presented no bar to an award of fees. Although *Sprague* was decided under the then-applicable rules of equity, the Court suggested that the same result would follow under the new Federal Rules of Civil Procedure. *Id.*, at 169, n. 9.

This case arises in a posture different from that of *Sprague*. In *Sprague* the prevailing plaintiff had produced a "benefit" commonly available to others similarly situated. Although she "neither avowed herself to be the representative of a class nor . . . establish[ed] a fund in which others could participate," *id.*, at 166, her lawsuit had a *stare decisis* effect that inured to the benefit of others asserting similar claims. It was from the benefits accrued by them—not, as in this case, from the defendant—that the plaintiff sought an equitable award of fees.

Because of this difference between the cases, we cannot agree that *Sprague* controls the question now before us. Nonetheless, we agree with petitioner to this extent: *Sprague* at least establishes that fee questions are not inherently or necessarily subsumed by a decision on the merits. See also *New York Gaslight Club, Inc.* v. *Carey*, 447 U. S. 54, 66 (1980) (a

the merits—an inquiry that cannot even commence until one party has "prevailed." Nor can attorney's fees fairly be characterized as an element of "relief" indistinguishable from other elements. Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial. See *Hutto* v. *Finney*, 437 U. S., at 695, n. 24.

As the Court of Appeals for the Fifth Circuit recently stated:

> "[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e)." *Knighton* v. *Watkins*, 616 F. 2d 795, 797 (1980).[14]

### III

In holding Rule 59(e) applicable to the postjudgment fee request in this case, the Court of Appeals emphasized the need to prevent fragmented appellate review and unfair postjudgment surprise to nonprevailing defendants. See 629 F. 2d, at 701–704. These are important concerns. But we do not think that the application of Rule 59(e) to § 1988 fee requests is either necessary or desirable to promote finality, judicial economy, or fairness.

### A

The application of Rule 59(e) to postjudgment fee requests could yield harsh and unintended consequences. Section

---

claimed entitlement to attorney's fees is sufficiently independent of the merits action under Title VII to support a federal suit "solely to obtain an award of attorney's fees for legal work done in state and local proceedings").

[14] There is implicit support for this view in decisions of the Courts of Appeals holding that decisions on the merits may be "final" and "appealable" prior to the entry of a fee award. See, *e. g., Memphis Sheraton Corp.* v.

1988 authorizes the award of attorney's fees in constitutional and civil rights litigation of various kinds. In civil rights actions, especially in those involving "relief of an injunctive nature that must prove its efficacy only over a period of time," this Court has recognized that "many final orders may issue in the course of the litigation." *Bradley* v. *Richmond School Bd.*, 416 U. S. 696, 722–723 (1974). Yet sometimes it may be unclear even to counsel which orders are and which are not "final judgments." If Rule 59(e) were applicable, counsel would forfeit their right to fees if they did not file a request in conjunction with each "final" order. Cautious to protect their own interests, lawyers predictably would respond by entering fee motions in conjunction with nearly every interim ruling. Yet encouragement of this practice would serve no useful purpose. Neither would litigation over the "finality" of various interim orders in connection with which fee requests were not filed within the 10-day period.

The 10-day limit of Rule 59(e) also could deprive counsel of the time necessary to negotiate private settlements of fee questions. If so, the application of Rule 59(e) actually could generate increased litigation of fee questions—a result ironically at odds with the claim that it would promote judicial economy.[15]

---

*Kirkley*, 614 F. 2d 131, 133 (CA6 1980); *Hidell* v. *International Diversified Investments*, 520 F. 2d 529, 532, n. 4 (CA7 1975); see also *Obin* v. *District 9, Int'l Assn. of Machinists and Aerospace Workers*, 651 F. 2d, at 583–584. If a merits judgment is final and appealable prior to the entry of a fee award, then the remaining fee issue must be "collateral" to the decision on the merits. Conversely, the collateral character of the fee issue establishes that an outstanding fee question does not bar recognition of a merits judgment as "final" and "appealable." *Obin* v. *District No. 9, Int'l Assn. of Machinists and Aerospace Workers, supra,* at 584. Although "piecemeal" appeals of merits and fee questions generally are undesirable, district courts have ample authority to deal with this problem. See *infra,* at 454, and n. 16.

[15] As an additional reason for finding Rule 59(e) inapplicable to postjudgment fee requests, the petitioner and *amici* have urged that prejudgment fee negotiations could raise an inherent conflict of interest be-

## B

Section 1988 authorizes the award of attorney's fees "in [the] discretion" of the court. We believe that this discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the affected party. Moreover, the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees.[16] And of course the district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees. Such practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits.[17]

---

tween the attorney and client. Because the defendant is likely to be concerned about his total liability, it is suggested, he may offer a lump-sum settlement, but remain indifferent as to its distribution as "damages" or "attorney's fees." In pursuing negotiations, the argument continues, the lawyer must decide what allocation to seek as between lawyer and client. Accordingly, petitioner argues, to avoid this conflict of interest any fee negotiations should routinely be deferred until after the entry of a merits judgment. Although sensitive to the concern that petitioner raises, we decline to rely on this proffered basis. In considering whether to enter a negotiated settlement, a defendant may have good reason to demand to know his total liability from both damages and fees. Although such situations may raise difficult ethical issues for a plaintiff's attorney, we are reluctant to hold that no resolution is ever available to ethical counsel.

[16] See, e. g., *Obin* v. *District No. 9, Int'l Assn. of Machinists and Aerospace Workers, supra,* at 583 (recommending adoption of "a uniform rule requiring the filing of a claim for attorney's fees within twenty-one days after entry of judgment"); *Knighton* v. *Watkins,* 616 F. 2d, at 798, n. 2 (practices governing requests for attorney's fees "can be handled best by local rule"). As different jurisdictions have established different procedures for the filing of fee applications, there may be valid local reasons for establishing different time limits.

[17] The petitioner has urged us to hold expressly that the § 1988 provision for attorney's fees "as part of . . . costs" establishes that postjudgment fee requests constitute motions for "costs" under Rules 54(d) and 58, which specify no time barrier for motions for "costs." Because this question is

## IV

For the reasons stated in this opinion, the decision of the Court of Appeals is reversed, and the case is remanded for action consistent with this opinion.

*So ordered.*

JUSTICE BLACKMUN, concurring in the judgment.

I agree with much that is said in the Court's opinion and I therefore concur, of course, in its judgment. I wish, however, that the Court had gone one step further.

We granted certiorari in this case, as the Court notes, *ante*, at 450, to resolve the existing conflict among the Courts of Appeals regarding postjudgment requests for attorney's fees under 42 U. S. C. § 1988. Three Circuits have held that these fee requests are not within Federal Rule of Civil Procedure 59(e), but are within the reach of Rules 54(d) and 58. Two have held that the requests are subject to Rule 59(e). And a sixth has held that such a request is not governed by *any* of the three Rules. See *ante*, at 450, n. 9. The Court today settles the conflict so far as Rule 59(e) and its inapplicability to a fee request are concerned. But it leaves unanswered the applicability of Rules 54(d) and 58 because "this question is unnecessary to our disposition of this case." *Ante*, at 454 and this page, n. 17.

I would answer that question, and hold that Rules 54(d) and 58 also do not apply to postjudgment § 1988 fees requests. I believe that the federal courts and the lawyers that practice in them should have an answer so that we shall not have yet another case to decide before the correct procedure for evaluating such requests is settled for all concerned.

---

unnecessary to our disposition of this case, we do not address it. We note that the district courts would be free to adopt local rules establishing standards for timely filing of requests for costs, even if attorney's fees were so treated. See *Knighton* v. *Watkins, supra,* at 798, n. 2. Further, the district courts retain discretion under Rules 54(d) and 58 to deny even motions for costs that are filed with unreasonable tardiness.

I note, happily, that the Court at least touches upon the ultimate answer, *ante*, at 454, and n. 17, when it observes that district courts are free to adopt local rules.    By so saying, the Court comes close to approving the position taken by the United States Court of Appeals for the Eighth Circuit in *Obin* v. *District No. 9, Int'l Assn. of Machinists and Aerospace Workers*, 651 F. 2d 574 (1981).    I think the Eighth Circuit is correct in its approach to the general problem.    Thus, I would approve that approach and have the matter settled, eliminating the inconsistency which the Court leaves between the views of the Fifth, Sixth, and Seventh Circuits on the one hand, and the view of the Eighth Circuit on the other.