838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Restoney ROBINSON, Plaintiff-Appellant,
v.
Paul B. CALHOUN; Walter T. Johnson; Henry E. Frye; Sam
Boyd; Kaye Byrd, Defendants-Appellees.
 No. 87-7603.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 23, 1987.
Jan. 20, 1988.
 
 Restoney Robinson, pro se.
 Paul B. Calhoun, appellee.
 Jacob Leonard Safron, Special Deputy Attorney General, for appellees Johnson, Frye, Boyd, and Byrd.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Restoney Robinson appeals both from an order which awarded attorneys' fees against him and dismissed his 42 U.S.C. Sec. 1983 action and from an order which set the fee award at $510. We dismiss Robinson's appeal as it relates to the judgment on the merits because Robinson did not file a timely notice of appeal from that judgment. We affirm the district court's order assessing $510 in attorneys' fees against Robinson, Robinson having filed a timely appeal from this subsequent order.
 
 
 2
 Robinson alleged that his arrest and conviction were falsely obtained. A magistrate reviewed Robinson's claims and recommended granting the defendants' motions for dismissal and for attorneys' fees. After reviewing Robinson's objections and reviewing the record de novo, the district court granted the motions to dismiss and for attorneys' fees. The court advised Robinson of his right to contest the amount of attorneys' fees once they were determined. Within ten days of entry of judgment Robinson filed a "motion to produce discrimination" which was not ruled upon. The defendants requested $510 in attorneys' fees, and the court ordered Robinson to pay that amount. Within ten days, Robinson filed a document indicating that he was contesting the fee award. Several weeks afterward, he filed a motion for default judgment. The district court construed both motions filed after the $510 assessment order as Rule 59 motions to reconsider and denied them. Robinson filed a timely notice of appeal from that denial.
 
 
 3
 The initial judgment on the merits was a final appealable order, and the fact that the amount of attorneys' fees was left to be determined would not toll the time to appeal. See White v. New Hampshire Dep't of Employment Security, 455 U.S. 445 (1982). Robinson had thirty days to appeal from the final judgment. Fed.R.App.P. 4(a)(1).
 
 
 4
 A Rule 59 motion would toll the time to file an appeal, and when a post-judgment motion is served within ten days of the entry of judgment and calls into question the correctness of that judgment, it should be treated as a Rule 59 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). Robinson filed a motion within ten days of the final judgment entitled a "motion to produce discrimination." This motion did not clearly address the correctness of the judgment. We do not believe that the district court must be compelled to treat ambiguous but timely filings as automatic Rule 59 motions, and we do not consider the "motion to produce discrimination" to be a motive which tolled the time to note an appeal from the underlying judgment. As Robinson did not appeal from the judgment within thirty days, we are without jurisdiction to consider his appeal from the district court's dismissal of his complaint.
 
 
 5
 The district court assessed $510 in attorneys' fees against Robinson, and construed Robinson's subsequent motions as Rule 59 motions for reconsideration of the fee assessment. Robinson's appeal period from the assessment order did not start to run until the court denied these motions, and, as a result, Robinson filed a timely notice of appeal as to the attorneys' fees order and the order denying his motions to reconsider. Fed.R.App.P. 4 (a)(4).
 
 
 6
 After reviewing the district court's orders, we find no abuse of discretion in the court's assessment of $510 in attorneys' fees against Robinson. The magistrate was correct in finding the defendants to be the prevailing parties. The magistrate determined that Robinson's allegations concerning false arrest and false conviction were barred by the applicable statute of limitations as Robinson was convicted in 1972. In addition, the magistrate determined that some of Robinson's claims were more appropriately brought in a habeas petition, and, as such, would be dismissed for failure to exhaust state court remedies. The magistrate also found that Robinson, who was not indigent, had filed forty-seven court actions since his imprisonment fourteen years ago, and over the course of this period persisted in filing frivolous actions, suing many of the same defendants time and again. The assessment of fees in a case like this is entirely proper. We find the amount imposed to be reasonable. Thus, we affirm the district court's order assessing attorneys' fees against Robinson.
 
 
 7
 As the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 8
 AFFIRMED IN PART; DISMISSED IN PART.