BANK OF GUAM, Plaintiff–Appellant,

v.

Raphael Dlg. DEMAPAN, et al.,
Defendants–Appellees.

No. 87–1800.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 1988 [*].

Decided Feb. 17, 1988.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Mark E. Cowan, Arriola, Cowan & Bordallo, Agana, Guam, for plaintiff-appellant.

Marybeth Herald, Fitzgerald, Herald & Bergsma, Saipan, Mariana Islands, for defendants-appellees.

Before GOODWIN and NELSON, Circuit Judges, and BREWSTER,** District Judge.

PER CURIAM:

The Bank of Guam appeals a decision of the Appellate Division of the United States District Court for the Northern Mariana Islands affirming a judgment of the Commonwealth Trial Court which ordered the Bank to give a defaulting debtor credit for interest allegedly overcharged under a variable-rate note secured by a real property mortgage. The only issue before us is whether the trial and appellate courts have correctly construed local usury law.

In 1982, defendant Ralph Demapan executed a promissory note for $32,000 to the Bank of Guam. The note was secured by a mortgage on real property. The applicable rate of interest varied, but at all times was in excess of 12 percent annually. The interest rate was never greater than 24 percent annually.

In 1984, after Demapan had failed to make payments, the Bank initiated an action to foreclose the mortgage. The trial court found that Demapan was in default on the promissory note. The court held, however, that 4 C.M.C. §§ 5301–5303 prohibited the Bank from receiving interest in excess of one percent per month. After holding that Demapan could be charged no more than one percent per month on the remaining balance, the court also ordered the Bank to credit Demapan for the interest in excess of one percent per month already paid pursuant to the agreement.

■ On appeal to the appellate division, the Bank challenged only the trial court's decision ordering the Bank to credit Demapan for the excess interest. The appellate division affirmed, and the Bank appealed.

This court's jurisdiction is founded upon 48 U.S.C. § 1694c (1982). Demapan claims that the order appealed from was not final because the appellate division issued an order awarding attorneys' fees to Demapan after the Bank filed its notice of appeal. However, judgments on the merits are considered final even though attorneys' fees have yet to be resolved. *See White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 452 n. 14, 102 S.Ct. 1162, 1167 n. 14, 71 L.Ed.2d 325 (1982) (observing that a judgment on the merits may be "final" and "appealable" even though there remains an outstanding fee question); *Durham v. Kelly,* 810 F.2d 1500, 1502–03 (9th Cir.1987) (allowing an appeal to proceed even though a motion for costs was pending because "a motion to alter or amend a judgment to award costs does not come within [Fed.R.Civ.P.] 59(e)").

An intracircuit conflict is pending on the issue whether questions of law decided by commonwealth appellate divisions should be reviewed *de novo* or for manifest error. *Compare Guam v. Fegurgur,* 800 F.2d 1470, 1474 (9th Cir.1986) (*de novo* review), *cert. denied,* —— U.S. ——, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) *with People of Guam v. Yang,* 800 F.2d 945 (9th Cir.1986) (review for manifest error) *reh'g en banc*

** The Honorable Rudi M. Brewster, United States District Judge, Southern District of California, sitting by designation.

*granted,* 833 F.2d 1379 (1987). Because we hold that the appellate division's decision must be reversed under either characterization of the standard of review, we need not defer our decision until the en banc panel resolves the conflict in *Yang.*

■ Under 4 C.M.C. § 5302,

> Payments of money or property made by way of usurious interest, whether made in advance or not, as to the excess of interest above the rate allowed by law at the time of making the contract, shall be taken to be payments made on account of principal, and judgment shall be rendered for no more than the balance found due, after deducting the excess of interest so paid.

4 C.M.C. § 5302.

Two other statutes are relevant to the determination whether payments should be deemed "above the rate allowed by law" for the purposes of § 5302. The first, 4 C.M.C. § 5301, prohibits lenders from bringing actions "to recover a higher rate of interest than 1 percent per month on the balance due" of contracts involving a principal sum of more than $300. The second provision, 4 C.M.C. § 5303, states that any person who receives interest "greater than 2 percent per month shall be guilty of usury" and will be subject to fine or imprisonment.

In *Kingzio v. Bank of Hawaii,* 7 T.T.R. 343 (1975), the High Court of the Trust Territory interpreted the precursors to §§ 5301–5303,[1] and observed that:

> In contrast to [§ 5303], [§ 5301] does not prohibit the charging of interest of more than 1% per month or punish the lender if he does so. It merely limits the amount of interest a lender can recover, if he sues on the loan contract, to 1% per month.

.    .    .    .    .

> Where a statute does not impose criminal sanctions or declare a contract above

the stated right void, but merely prohibits the courts from lending their aid to enforcement of contracts for more than the stated amount, the common law right to maintain an action to recover interest in excess of the stated rate does not exist. . . .

.    .    .    .    .

> Under such circumstances the bank is precluded by [§ 5301] from seeking aid of the courts in collecting any interest in excess of 1%, but the borrower cannot recover interest paid. To hold otherwise would eliminate the statutory distinction between [§ 5301] and [§ 5303] and be contrary to the longstanding and well established authority cited herein regarding a borrower's right to recover usurious interest.

*Kingzio,* 7 T.T.R. at 347–48 (citations omitted).

We find this language to be dispositive. Because the interest rate charged by the Bank was "allowed by law," the right to credit set forth by § 5302 does not apply. *Cf.* Annotation, *Right, in Absence of Statute Expressly So Providing, to Recover Back Usurious Payments,* 59 A.L.R.2d 522, 534–35 (1958) (observing that the common law right to a credit "was limited to the recovery back of the usurious excess, and did not extend to lawful interest, even though, under the statute, the lender could not have recovered such interest").

The trial court and the appellate division committed manifest error in distinguishing *Kingzio* on the ground that the suit in that case was brought by the debtors, not the lenders. Section 5302 provides no warrant for such a distinction, and the claim in *Kingzio*—like the claim here—requested a credit upon principal of excess interest paid.

Our decision would be the same even if *Kingzio* were not controlling. Section 5302 allows the crediting of "interest above the rate allowed by law." Although the courts will not enforce interest rates ranging be-

---

**1.** *Kingzio* interpreted 33 T.T.C. §§ 251–253, the precursors to 4 C.M.C. §§ 5301–5303. These statutes were not altered substantively when they were transferred into the Commonwealth Code. *Kingzio,* although decided while the Northern Marianas were a trust territory, is governing law for the Commonwealth.

tween 1 percent and 2 percent per month, the law prohibits only those loans with interest rates exceeding 2 percent per month.[2] An agreement is not rendered illegal merely because courts will not afford relief to one seeking to enforce it. *See generally* Hohfeld, *Some Fundamental Legal Conceptions as Applied in Judicial Reasoning,* 23 Yale L.J. 16 (1913) (discussing the distinction between rights and privileges).

We find that the trial court and the appellate division committed manifest error in ordering the Bank to credit Demapan for interest already paid. The decision of the appellate division is REVERSED.

---

**2.** Because section 5302 applies expressly to excess interest "above the rate allowed by law," our conclusion is not affected by Demapan's argument that the section headings in the former Trust Territory Code define interest rates exceeding the limits set in section 5301 as "usurious."