896 F.2d 1367
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James L. MARTIN, Plaintiff-Appellant,
v.
Rowland SHANK, Executive Director of Philhaven Hospital;
Philhaven Hospital; Douglas J. Spurlock, President and
Chief Executive Officer of Polyclinic; Polyclinic Medical
Center of Harrisburg, Defendants-Appellees.
 No. 87-2100.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 20, 1989.
Decided: Feb. 12, 1990.
Rehearing and Rehearing In Banc Denied March 13, 1990.
 
 James L. Martin, appellant pro se.
 James Andrew Sullivan, Sullivan & Talbott; Larry Alan Ceppos, for appellees.
 Before DONALD RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The question before us is whether the district court abused its discretion when it imposed Fed.R.Civ.P. 11 sanctions totalling $7,156.44 against appellant James L. Martin. The court imposed the sanctions upon a finding that Martin's filings "were made in bad faith for the purpose of vexatiously litigating and harassing the defendants with baseless, repetitive litigation." We affirm.
 
 
 2
 Martin filed a complaint stating that because of defendants' actions, the Maryland Board of Bar Examiners in 1984 had deferred issuing him a license to practice law. Defendants were two Pennsylvania hospitals and their directors. Martin contended that defendants had released false information stating that he had been hospitalized for mental illness in February 1975. He raised numerous claims, including libel, breach of contract, and negligence.
 
 
 3
 Defendants moved to dismiss. Among the defenses advanced were collateral estoppel, lack of personal jurisdiction over defendants, and a Maryland statutory shield. On February 6, 1987, the district court granted summary judgment for defendants. The court based its decision on defendants' lack of sufficient contacts with Maryland, Martin's consent to the release of his medical records, the statute of limitations, and Martin's having brought "virtually identical claims of falsity of medical records ... against these defendants in the United States District Courts for the District of Delaware, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, [and] the District of Columbia." The court ordered a hearing for 9:00 a.m. on March 20, 1987, at which time Martin was to show cause why he should not be sanctioned in accordance with Fed.R.Civ.P. 11.
 
 
 4
 When Martin failed to appear at the scheduled hearing, the court imposed sanctions of $2,156.44 for costs and attorney's fees. The court also levied against Martin a $5,000 fine, payable to the United States, in an effort "to stop further harassment of the defendants" and to take into account the "judicial resources, time, and taxpayer money that [have] gone into the litigation in this District and ... elsewhere."
 
 
 5
 Martin had ample notice of the hearing on the sanctions and, had he appeared at the hearing, would have been extended the opportunity to challenge the basis and reasonableness of any sanction. He chose not to appear, however.* As Martin was afforded procedural safeguards and because of his stubborn, repeated, and always unsuccessful efforts to litigate the same facts, we find that the district court acted well within its discretion when it imposed Rule 11 sanctions. See Ray A. Scharer & Co. v. Plabell Rubber Prods., 858 F.2d 317, 321 (6th Cir.1988); United States v. Milam, 855 F.2d 739, 741-43 (11th Cir.1988).
 
 
 6
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Martin contends on appeal that he did not attend the hearing because his appeal from the decision on the merits of this case was pending at the time of the Rule 11 hearing. Therefore, Martin argues, the district court lacked jurisdiction to conduct the hearing. This jurisdictional issue was settled by the Supreme Court in White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445 (1982). White held that a request for attorney's fees pursuant to 42 U.S.C. Sec. 1988 was a matter collateral to the judgment on the merits. Id. at 452. In Langham-Hill Petroleum Inc. v. Southern Fuels Co., 813 F.2d 1327 (4th Cir.1987), we cited White as dispositive and upheld the award of Rule 11 sanctions over objections that the notice of appeal stripped the district court of authority to consider the Rule 11 matter. That this Court affirmed the sanctions award indicates that, after White, the plain rule in this Circuit was that the filing of a notice of appeal did not divest the district court of authority to entertain and decide Rule 11 matters. Moreover, Martin should have appeared at the hearing and argued the jurisdictional point instead of staying away on the mistaken assumption that the court lacked authority to conduct the hearing