Cohen v. Brown University          CV-99-485-B     06/27/03

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**Amy Cohen, et al.**

        **v.**                              Civil No. 99-485-B
                                         Opinion No. 2003 DNH 112
**Brown University, et al.**


### MEMORANDUM AND ORDER

        Pending before me is defendants' objection to the April 2, 2003 Report and Recommendation of Magistrate Judge David L. Martin ("Report and Recommendation") granting, in large part, Plaintiffs' Supplemental Motion for Attorneys' Fees and Expenses. See Cohen v. Brown Univ., N.H. Civ. Action No. 99-485-B (Doc. No. 23), R.I. Civil Action No. 92-197 (D.R.I. April 2, 2003) (Doc. No. 344).  Plaintiffs prevailed in their underlying Title IX litigation and received attorneys' fees and expenses for litigating the merits of their Title IX claim.  See Report and Recommendation, August 10, 2001 (Martin, M.J.), accepted but

modified in part by Memorandum and Order, December 5, 2001 (Barbadoro, C.J.).

Pursuant to Fed. R. Civ. P. 72(b), I review the Magistrate Judge's Report and Recommendation *de novo* because I am required to treat a motion for attorneys' fees as I would a "dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). I am free to "accept, reject, or modify, the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b).

Defendants raise four objections to the Report and Recommendation. They argue that the Magistrate Judge erred in: (1) concluding that the Supplemental Fee Motion was timely pursuant to Fed. R. Civ. P. 54(d)(2); (2) granting fees to special fee counsel despite finding their retention by plaintiffs was not "reasonably necessary;" (3) granting fees relating to a protective order and discovery of defendants' billing records; and (4) failing to adequately reduce fees for certain redundant and unnecessary work.

## I.  Timeliness of Supplemental Motion[1]

I agree with the Magistrate Judge that defendants'
timeliness objection is without merit.  Defendants argue that the
Magistrate Judge misconstrued Fed. R. Civ. P. 54(d)(2)'s
timetable for filing a supplemental fee petition.  Rule
54(d)(2)(B) provides that a motion for attorneys' fees and
related expenses must be filed no later than 14 days after entry
of judgment.  Relying on Tennessee Gas Pipeline v. 104 Acres of
Land, 32 F.3d 632 (1st Cir. 1994), however, defendants argue that
plaintiffs should have submitted their supplemental motion for
attorneys' fees and expenses prior to the determination of the
motion for attorneys' fees for the underlying litigation.  In
Tennessee Gas, the First Circuit stated that there should be
"some time limit within which a party must file an application
for supplemental fees and. . . it is reasonable to require. . .
that where possible, such application be made before the court
acts on the principal fee application." Id. at 635.  The
defendants in Tennessee Gas submitted their application for

_____

[1]  The background underlying plaintiffs' motion is set forth
in great detail in the Magistrate Judge's Report &
Recommendation.

supplemental fees before the 1993 Amendment to Rule 54(d) created a timetable for the submission of a claim for attorneys' fees. I agree with the Magistrate Judge that the First Circuit's concern in Tennessee Gas appears to be with the lack of a time limit for the filing of a supplemental application. As the 1993 Amendment to Fed. R. Civ. P. 54(d)(2) created exactly that, I find the quoted language from Tennessee Gas unpersuasive on this point. In addition, I do not see the efficiency or logic in requiring prevailing plaintiffs to supplement their fee applications requesting "fees on fees" before they know if they are successful in their principal motion for attorneys' fees.

I find, as did the Magistrate Judge, that the plaintiffs filed their supplemental motion within the permissible time period set forth in Rule 54(d). Plaintiffs filed their supplemental motion on February 28, 2002, prior to the March 25, 2002, final judgment on their underlying motion for merits fees. (Doc. No. 22). In addition, defendants' argument that they were "unfair[ly] surprise[d] and prejudice[d]" relying on White v. New Hampshire Dep't of Employment Security, 455 U.S. 445, 454 (1982), is unpersuasive. Defendants' "surprise" is in the fee amount sought and not in the actual filing of the supplemental motion.

-4-

As the Magistrate Judge correctly found, that is not the kind of surprise that warrants the label "unfair."  See Report and Recommendation at 7-8.

## II.  Special Fee Counsel

Plaintiffs retained Steptoe & Johnson ("Steptoe"), a law firm based in Washington D.C., as special fee counsel.  The Magistrate Judge rejected plaintiffs' argument that the retention of special fee counsel was reasonable because of Defendant's "multitude of challenges" and found that plaintiffs "failed to demonstrate that it was reasonably necessary for them to engage special fee counsel, especially out-of-state fee counsel whose usual hourly rates greatly exceed the hourly rate of the lead counsel in the underlying action."  Report and Recommendation at 12.  Despite this finding, the Magistrate Judge awarded attorneys' fees to Steptoe at the Rhode Island rate reduced by ten percent for redundancy and inefficiencies.

I agree with the Magistrate Judge's conclusion that the retention of special fee counsel was not "reasonably necessary." Moreover, after reviewing plaintiffs' billing records, it is clear that the addition of another set of attorneys into an

already large group of merits attorneys created great inefficiency. For example, Attorney Leslie A. Brueckner, for whom the Magistrate Judge permitted 173.4 hours totaling over $43,000 dollars, billed for reviewing and revising Steptoe's analysis and several telephone calls with Steptoe attorneys. The same is true for Tracy L. Hilmer, an attorney for Steptoe. Hilmer billed for numerous conference calls with merits counsel and charged for the editing of merits counsel's affidavits and time records. Although I do not question the value of conference calls amongst co-counsel, it is clear that the addition of another set of attorneys to confer with and to edit one another's work product inevitably created an additional layer of consultation and review that was entirely unnecessary.

In sum, I agree with the Magistrate Judge that the retention of special fee counsel was not reasonably necessary and further reduce the amount of fees Magistrate Judge Martin granted by an additional ten percent. See Report & Recommendation at 30 (awarding "fees on fees", with the Magistrate Judge's reductions, of $253,651).

For the reasons discussed above, the "fees on fees" award granted by the Magistrate Judge will be modified as follows:

| "Fees on Fees" | | | | |
|---|---|---|---|---|
| Firm | Timekeeper | Hours | Rate | Total |
| Roney & Labinger | | | | |
| | Lynette Labinger | 302.94 | $210.00 | $63,617.40 |
| | Jean Medieros | 24.12 | $75.00 | $1,809.00 |
| Subtotal | | | | $65,426.40 |
| TPLJ | | | | |
| | Arthur Bryant | 36.72 | $305.00 | $11,199.60 |
| | Leslie Brueckner | 156.06 | $250.00 | $39,015.00 |
| Subtotal | | | | $50,214.60 |
| Steptoe & Johnson | | | | |
| | Roger Warin | 5.58 | $210.00 | $1,171.80 |
| | Tracy Hilmer | 122.13 | $175.00 | $21,372.75 |
| | Lindsey Lang | 366.93 | $200.00 | $73,386.00 |
| | Susan Knupp | 90.99 | $75.00 | $6,824.25 |
| | Christine Zemina | 63.54 | $75.00 | $4,765.50 |
| | Karen Tucker | 11.16 | $75.00 | $837.00 |
| | Tami Cohen | 71.46 | $60.00 | $4,287.60 |
| Subtotal | | | | $112,644.90 |
| Total | | | | $228,285.90 |

## III. Discovery of Defendants' Billing Records and Related Protective Order

Defendants also argue that the Magistrate Judge erroneously concluded that because discovery of their billing records was "'reasonably necessary,' *all time spent* related to the discovery is automatically deemed reasonable." Defs.' Obj. to Report and Recommendation at 17. Despite the Magistrate Judge's finding that discovery was "reasonably necessary," it does not necessarily follow that the hours spent litigating discovery were not excessive or redundant. After independently reviewing all attorneys' time descriptions involving discovery, however, I find that the amount billed for discovery was not excessive. As such, I accept the Magistrate Judge's findings concerning fees related to discovery.[2]

Defendants present the identical argument for the fees the Magistrate Judge permitted for plaintiffs' successful opposition to defendants' request for a protective order. Defendants sought

---

[2] In addition, I note that there were multiple entries in Attorney Lang's time descriptions that were vague and prevented me from accurately calculating the amount of time she billed for discovery. The Magistrate Judge noted this problem in Attorney Lang's time descriptions (in a different context) and reduced her fees by an additional five percent.

a protective order to prevent the dissemination of fee information they were forced to produce as a result of plaintiffs' discovery request. Because the plaintiffs were ultimately successful in opposing defendants' request for a protective order and the hours billed related to the protective order were not excessive, plaintiffs are entitled to compensation for the time billed opposing the protective order.

## IV. Defendants' Redundancy Argument

Defendants argue that the plaintiffs' "[s]upplemental fee petition. . . far exceeds the number of hours reasonably necessary and legally compensable for work on the initial fee petition." Defs' Obj. to Report & Recommendation at 20. Specifically, defendants assert that "[p]laintiffs spent an inordinate [amount of] time reviewing *Brown's* records and exhibits and much time and effort unsuccessfully claiming a right to compound interest on attorney[s'] fees."[3] Defs' Obj. to Report

---

[3] Defendants also argue that the Magistrate Judge should have reduced the fee request for time that merits counsel spent as "client" to Steptoe. Because, in section II of this Order, I discounted the fee award for conferencing and editing between merits counsel and Steptoe, I have already reduced the fee award for time merits counsel spent as "client." I therefore decline to further reduce the award for merits counsels' time billed as "client."

and Recommendation at 19.  I disagree.  After reviewing the billing records supplied to the Magistrate Judge by the parties, I do not find the amount of time spent reviewing Brown's records and exhibits was excessive.  In addition, I note that plaintiffs wrote off much of the time they spent researching and writing the compounded interest issue. For example, Steptoe Attorney Lang wrote off time she spent researching, drafting and revising the "interest section of the reply brief."  See Lang (1/31/00 2/02/00 and 8/13/01).  As such, I decline to reduce the plaintiffs' award further on this basis.

## CONCLUSION

After reviewing Magistrate Judge Martin's April 11, 2003 Report & Recommendation, (Doc. No. 23), I accept it with the modifications noted in section II of this Memorandum and Order. The litigation for attorneys' fees in this case has evolved into a "second major litigation," Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Hence, this shall be the last award of attorneys' fees in this case.

SO ORDERED.


_____
Paul Barbadoro
Chief Judge


June 27, 2003

cc:   Raymond Marcaccio, Esq.
      Lynette Labinger, Esq.
      Arthur Bryant, Esq.
      Sandra Duggan, Esq.
      Amato DeLuca, Esq.
      Julius Michaelson, Esq.
      Beverly Ledbetter, Esq.
      Clerk, USDC-RI