**Robert J. POUND, Plaintiff,**

v.

**AIROSOL COMPANY, INC., Defendants.**

**No. CIV.A.02–2632–CM.**

United States District Court, D. Kansas.

Dec. 17, 2004.

Brett E. Nelson, George McCorkell Plews, Leonardo D. Robinson, Plews Shadley Racher & Braun, Indianapolis, IN, Jeffrey J. Simon, Ronald D. Marney, II, Husch & Eppenberger, LLC, Kansas City, MO, for Plaintiff.

Aaron C. McKee, John W. Cowden, Paul S. Penticuff, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, MO, David E. Rogers, Foulston Siefkin LLP, Wichita, KS, Brian F. Huebsch, Anderson & Jahde, PC, Denver, CO, Kevin J. Odrowski, Kansas City, MO, Paul M. Croker, Amy Rager Ashelford, Richmond M. Enochs, Wallace, Saunders, Austin, Brown & Enochs, Chtd.—OP, Overland Park, KS, for Defendants.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

In its March 10, 2004 Order, this court granted Robert J. Pound's Motion for Partial Summary Judgment (Doc. 159) against defendants Airosol Company, Inc., Chad Brown, Robyn Markland, Pro Exotics, Inc., Pro Exotics Reptiles, Inc., and Tim Samra. Pending before the court is Chad Brown, Robyn Markland, Pro Exotics, Inc., Pro Exotics Reptiles, Inc.'s Motion for Reconsideration of Court's Granting of Pound's Motion for Partial Summary Judgment and Motion for Clarification (Doc. 165).

## I. Standard

Rule 59(e) preserves the district court's right to alter or amend a judgment after the judgment is entered. Motions to alter or amend a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits. *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). A Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration. *Henry v. Office of Thrift Supervision*, 1993 WL 545195, at *1 (D.Kan. Dec. 28, 1993) (citing *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989)), *aff'd*, 43 F.3d 507 (10th Cir.1994). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995)). Moreover, a party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously considered and rejected by the court. *Federated Mut. Ins. Co. v. Botkin Grain Co.*, 856 F.Supp. 607, 609 (D.Kan.1994). Whether to grant or deny a Rule 59(e) motion is within the district court's sound discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

## II. Analysis

### A. Motion for Reconsideration

Chad Brown, Robyn Markland, Pro Exotics, Inc., and Pro Exotics Reptiles,

Inc. ("Separate Defendants") first argue that this court decided an issue outside of those presented for the court's determination when it granted plaintiff's Motion for Partial Summary Judgment and held that Separate Defendants did, in fact, violate the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, by selling or distributing Black Knight, a pesticide which contains a Class II substance. Specifically, Separate Defendants argue that Plaintiff's Motion for Partial Summary Judgment limited the court's determination with the following language:

> For purposes of this summary judgment motion, Pound requests a finding that any sale, distribution or offer for sale or distribution of Black Knight by Defendants constitutes a violation of the Clean Air Act. Pound will demonstrate the extent of each Defendant's sale, distribution or offer for sale or distribution of Black Knight as discovery and this case progress.

However, Plaintiff's Motion for Partial Summary Judgement also states: "To the extent Defendants have sold or distributed Black Knight or offered Black Knight for sale or distribution, this Court should enter summary judgment in Pound's favor and against Defendants holding that Defendants have violated the Clean Air Act." (Pl.'s Mot. Summ. J. at 3, ¶ 2.)

The court does not believe that the two statements are mutually exclusive. Instead, the court reads plaintiff's motion as requesting this court to hold that any sale or distribution of Black Knight by defendants constitutes a violation of the Clean Air Act, and that if this court finds that defendants did, in fact, sell or distribute Black Knight, plaintiff requests this court to grant summary judgment against defendants. Therefore, Separate Defendants have not demonstrated that this court clearly erred or committed manifest injustice by granting plaintiff's Motion for Partial Summary Judgment and finding that Separate Defendants violated the Clean Air Act by selling or distributing Black Knight.

■ Separate Defendants next argue that plaintiff has failed to identify any facts that support the court's finding that Separate Defendants have sold or distributed Black Knight. After a review of the record, the court acknowledges that plaintiff's Motion for Partial Summary Judgement does not allege that Separate Defendants sold or distributed Black Knight beyond one sentence in a footnote, which states: "The [Pro Exotics] [1] Defendants' disclosures and briefing similarly make clear that those defendants have sold and distributed Black Knight and offered Black Knight for sale or distribution." Plaintiff's motion offers no evidence in support of this proposition.

Separate Defendants' Motion for Reconsideration fails to address, however, their admission in their Response to plaintiff's Motion for Partial Summary Judgment (Doc. 114) to selling Black Knight. In their Response, Separate Defendants stated, "Pro Exotics operated its business, *including the sale of Black Knight* with the understanding and belief that Airosol had properly requested approval for reformulation of Black Knight" (emphasis added). Plaintiff need not allege facts supporting

1. The actual language in plaintiff's Motion for Partial Summary Judgment states: "The Pro Products Defendants' disclosures ...." Plaintiff, not defendants, owns Pro Products, Inc. However, because this language is in plaintiff's Motion for Partial Summary Judgment and the surrounding language in the paragraph addresses various defendants' admissions, this court is confident that plaintiff's use of the phrase "Pro Products" rather than "Pro Exotics" was merely a typographical error. Moreover, the court interprets the classification "Pro Exotics" to include Chad Brown, Robyn Markland, Pro Exotics, Inc., and Pro Exotics Reptiles, Inc.

its contention that Separate Defendants sold Black Knight if Separate Defendants voluntarily admit to doing so. Therefore, this court did not commit clear error or cause manifest injustice when it found that there is no dispute that Separate Defendants sold and distributed Black Knight. Furthermore, finding no dispute that Black Knight contains Class II substances, and previously concluding that defendant Airosol did not properly and timely file a reformulation exemption to sell Black Knight, the court did not commit clear error or manifest injustice when it granted plaintiff's Motion for Partial Summary Judgment, finding that Separate Defendants unlawfully sold or distributed a Class II substance in violation of 42 U.S.C. § 7671i(d)(1)(A).

## B. Motion for Clarification

Separate Defendants also ask this court to separate Chad Brown and Robyn Markland, as individual defendants, from Pro Exotics, Inc. and Pro Exotics Reptiles, Inc., thereby restricting the classification of "Pro Exotic Defendants" to defendants Pro Exotics, Inc. and Pro Exotics Reptiles, Inc. Separate Defendant's Motion for Clarification is granted in part. For clarity, the court will use this distinction in the future.

Under the same heading, however, Separate Defendants argue that plaintiff is unable to demonstrate that he is entitled to summary judgment as to defendants Chad Brown and Robyn Markland because Brown and Markland are employed by defendants Pro Exotics, Inc., and/or Pro Exotics Reptiles, Inc., and are therefore protected by the corporations' limited liability. Separate Defendants further argue that before Brown and Markland can be found to have violated the Clean Air Act, plaintiff must produce evidence of such sale, distribution, or offer of sale or distribution of Black Knight by Brown and Markland *as individuals.*

These arguments simply come too late. A party cannot invoke Rule 59(e) to raise arguments that should have been set forth in the first instance. *Federated Mut. Ins. Co.,* 856 F.Supp. at 609. Separate Defendants neither raised these arguments in their Response to Plaintiff's Motion for Partial Summary Judgment not allege any reason why they previously could not have raised these arguments. Separate Defendants' Motion for Clarification is denied as it relates to this argument.

**IT IS THEREFORE ORDERED** that Chad Brown, Robyn Markland, Pro Exotics, Inc., Pro Exotics Reptiles, Inc.'s Motion for Reconsideration of Court's Granting of Pound's Motion for Partial Summary Judgment (Doc. 165) is denied in part and granted in part.

**IT IS FURTHER ORDERED THAT** Chad Brown, Robyn Markland, Pro Exotics, Inc., Pro Exotics Reptiles, Inc.'s Motion for Clarification (Doc. 165) is denied.