**Arnold WEISS, Plaintiff–Appellant,**

v.

**VIOLET REALTY, INC., Patrick Hotung, Anthony J. Colucci, III and Colucci & Gallaher, P.C., Defendants–Appellees.**

**No. 05–0614–CV.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

Arnold Weiss, Raichle Banning Weiss PLLC, Buffalo, NY, for Appellant.

Paul G. Joyce, Colucci & Gallaher, P.C., Buffalo, NY, for Appellees.

Present: Hon. JAMES L. OAKES, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

*SUMMARY ORDER*

Plaintiff-appellant Arnold Weiss appeals from a judgment entered on November 10, 2004, dismissing his claims under 42 U.S.C. §§ 1985(3) and 1988, denying his motion pursuant to Federal Rule of Civil Procedure 56(f), granting summary judgment to defendants on his claim under 42 U.S.C. § 1983, and awarding attorney's fees to defendants. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

The district court did not err in dismissing Weiss's causes of action under §§ 1985(3) and 1988. As noted by the district court, Weiss's complaint failed to allege the requisite class-based discriminatory animus necessary to maintain a claim under § 1985(3). *See LeBlanc–Sternberg v. Fletcher,* 67 F.3d 412, 426–27 (2d Cir. 1995) ("[Section 1985(3) ] is applicable only if the plaintiff can show that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action." (citation, internal

quotation marks and alterations omitted)). Moreover, § 1988 does not provide an independent cause of action. *See Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.,* 71 F.3d 1053, 1057 (2d Cir. 1995) (" '[A] request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action.' ") (quoting *White v. N.H. Dep't of Employment Sec.,* 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)); *Brown v. Reardon,* 770 F.2d 896, 907 (10th Cir.1985) ("[Section] 1988 defines procedures under which remedies may be sought in civil rights actions, but it does not create independent causes of action.").

We also find no abuse of discretion in the district court's denial of Weiss's motion for discovery under Rule 56(f). *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir.1994) (reviewing a Rule 56(f) motion for abuse of discretion). As the district court noted, no amount of discovery would have permitted Weiss to demonstrate that Violet Realty, Inc. ("VRI") leased the premises from the City of Buffalo, and Weiss did not otherwise make the requisite showing that he needed additional discovery to defeat defendants' motion. *See Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 303 (2d Cir.2003) (stating that a Rule 56(f) affidavit must show (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts).

We affirm the district court's award of summary judgment to defendants on Weiss's § 1983 claim. The uncontroverted evidence shows that VRI purchased the premises in 1995, and we note that Weiss's dispute with defendants affects only his access to the buildings owned by VRI, and not to the city-owned property near defendants' premises. There is thus no genuine issue of material fact that the premises from which defendants have excluded Weiss are privately owned, not leased from the City of Buffalo, and Weiss has provided this Court no other basis for concluding that defendants in this case are state actors.

Finally, we vacate the district court's award of attorney's fees to defendants under § 1988(b) with respect to Weiss's §§ 1985(3) and 1988 claims and remand this issue to the district court for reconsideration. When the district court reconsidered, upon Weiss's motion, the award of fees in its November 5, 2004 order, it denied Weiss's motion and stated that it "could not locate" an earlier decision in which it had declined to award fees on those claims. The district court, however, had denied defendants' request for attorney's fees in its December 30, 2003 order dismissing Weiss's §§ 1985(3) and 1988 claims.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED to the district court for further proceedings consistent with this order.