# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40017
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2014

Lyle W. Cayce
Clerk

SHANNA NORSWORTHY,

Plaintiff - Appellee

v.

NGUYEN CONSULTING AND SERVICES, INCORPORATED, doing business as Winn Consulting and Services, Incorporated,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:12-CV-406

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Nguyen Consulting and Services, Inc. ("NCS") appeals the district court's award of $33,000 in attorney's fees to Shanna Norsworthy. We AFFIRM the award of trial attorney's fees, AWARD appellate attorney's fees, and REMAND for a determination of the amount of additional attorney's fees associated with Norsworthy's successful defense of this appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40017

Norsworthy secured a $3,000 jury verdict in her claim against NCS for gender discrimination in violation of 42 U.S.C. § 2000e-2.[1] The jury found that Norsworthy's supervisor sexually harassed her and that she was retaliated against and suffered an adverse employment action because she refused her supervisor's sexual advances. NCS does not appeal any aspect of this verdict. After judgment was entered, Norsworthy sought $52,217 in attorney's fees. NCS objected to the fee request, arguing that Norsworthy could not recover fees because it had made an offer of judgment pursuant to Federal Rule of Civil Procedure 68[2] and, alternatively, that the amount of fees requested was excessive based on the judgment.

Noting that NCS did not challenge the amount of hours or the hourly rate, the district court concluded that both were reasonable. Applying the *Johnson* factors,[3] however, the court observed that "the recovery was only a small fraction of the amount sought, and is dwarfed by the fee request." The court awarded Norsworthy $33,000 in attorney's fees.[4]

---

[1] Norsworthy initially sought $300,000 in damages, but subsequently lowered her demand to $100,000.

[2] Norsworthy argued to the district court that no offer of judgment was ever made, much less was a written offer produced by NCS to support its claim. NCS does not raise this issue on appeal, and it is therefore waived. *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").

[3] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

[4] Norsworthy moved to amend the judgment pursuant to Federal Rule of Civil Procedure 59 to reflect the attorney's fees award. She argues that because NCS did not again raise its proportionality argument in the form of an objection to the amended judgment, it has waived its challenge to the attorney's fees on appeal. As an initial matter, Norswothy's use of Rule 59 to secure an amended judgment was unnecessary because a "[r]equest for attorney's fees . . . raises legal issues collateral to the main cause of action–-issues to which Rule 59(e) was never intended to apply." *See White v. N.H. Dep't. of Emp't Sec.*, 455 U.S. 445, 451 (1982). Moreover, NCS already raised its proportionality argument in its opposition to Norsworthy's motion for attorney's fees, and the district court specifically addressed this

No. 14-40017

NCS appeals only the award of attorney's fees, which we review for abuse of discretion. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461–62 (5th Cir. 2002). Normally, a district court engages in a two-step process for determining "reasonable" attorney's fees pursuant to 42 U.S.C. § 1988. First, the district court calculates the "lodestar" fee—the number of hours reasonably expended multiplied by the reasonable hourly rate for the participating attorneys. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Second, the court determines whether there should be an upward or downward adjustment of the lodestar fee based on the twelve *Johnson* factors, which include, *inter alia*, the amount involved and the result obtained. *Id.*

NCS does not challenge the district court's lodestar calculation, but instead argues that the district court should have further reduced the amount of fees awarded based on the large amount of fees sought relative to the $3,000 judgment obtained by Norsworthy. However, the district court did not abuse its discretion in deciding the amount by which it would reduce the loadstar fee. Success is not measured merely based on the recovery of monetary damages, as "a civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). As Norsworthy argues, and NCS does not contest, NCS responded to Norsworthy's suit by distributing an employment manual to its employees containing its sexual harassment policy. NCS's president also testified that the company now has discussions with

---

argument in its order awarding attorney's fees. Because NCS raised this argument and allowed the district court to address it, NCS properly preserved it for our review. *Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002) ("A party must have raised an argument to such a degree that the trial court may rule on it." (citation and internal quotation marks omitted)). Therefore, we decline to conclude that NCS waived its proportionality argument by not raising it a second time in response to Norsworthy's unnecessary Rule 59 motion.

management to prevent sexual harassment. In other words, this lawsuit spawned some remedial measures to prevent a recurrence at NCS.

Moreover, while the success of a prevailing plaintiff is the most critical *Johnson* factor, *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), the Supreme Court has "reject[ed] the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." *Rivera*, 477 U.S. at 574. Indeed, we have previously observed that while an attorney's fee award of $56,000 on an $8,000 judgment required more explanation from the district court, such an award was not necessarily unreasonable. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010).

Therefore, we conclude that the district court did not abuse its discretion in awarding Norsworthy $33,000 in attorney's fees. We further grant Norsworthy's request for attorney's fees associated with its successful defense of this appeal and remand to the district court for the amount to be determined. *See DeCorte v. Jordan*, 497 F.3d 433, 445 (5th Cir. 2007).

AFFIRMED and REMANDED.