Eugene WZOREK, Petitioner,

v.

CITY OF CHICAGO, a municipal corporation, Respondent.

No. 84 C 9978.

United States District Court, N.D. Illinois, E.D.

May 18, 1990.

See also 718 F.Supp. 1386.

Terrance Mitchell, Homewood, Ill., John L. Gubbins, Linda Friedman, John L. Gubbins & Associates, P.C., Chicago, Ill., Mary Stowell, for petitioner.

Donald Hubert, Donald Hubert & Associates, A. Charles Ex, James D. Montgomery, Arthur N. Christie, Mary L. Smith, Jonathan Siner, Corp. Counsel, City of Chicago, Chicago, Ill., for respondent.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Eugene Wzorek has moved for attorneys fees and costs in his successful civil contempt action against the City of Chicago.[1] The City did not oppose petitions for fees for two of Wzorek's attorneys, Mary Stowell and Linda Friedman, and thus this court granted those petitions. The City's "benevolence" apparently does not extend, however, to Wzorek's principal attorney, John L. Gubbins. The City has chosen to fight the petition for his fees, sometimes in a dirty fashion.

There are some points of agreement. The parties concur that 42 U.S.C. § 1988 (1982) governs Wzorek's request for attorneys fees. Second, they agree that the court should approach this request in the manner set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Third, they agree that until the court of appeals rules differently, Wzorek

---

1. One would not gather this from the City's manifest hostility towards Wzorek's petition. Repeatedly the City refers to it as the fee request of Wzorek's attorney, John L. Gubbins. One thus reads "Gubbins" this and "Gubbins" that in the City's response to the petition. Courts do not award fees to attorneys, however, under 42 U.S.C. § 1988 (1982), the statute under which Wzorek petitions. It is the "prevailing party"— in this case, Wzorek—who gets the fees. While it is customary for a court to make the award directly to the prevailing party's attorney when there is no issue as to the attorney's contractual relationship with the party, see *Richardson v. Penfold,* 900 F.2d 116, 117 (7th Cir.1990), other aspects of the City's response suggest that the City uses Mr. Gubbins's name not because it recognizes his contract with Wzorek, but more as a curse. See notes 3 and 5 and discussion at pages 402–03 below.

was the "prevailing party" for purposes of § 1988 in this court.

 Now to the fight. *Hensley* counsels the now-famous "lodestar" approach to calculating reasonable attorneys fees, where the court determines a reasonable hourly rate, decides the amount of time which the case reasonably deserved, and multiplies the two. The court then can augment the award for special factors, not relevant here. The parties agree that it was reasonable for Mr. Gubbins to charge Wzorek $175.00 per hour for his time. The City presses Mr. Gubbins to justify a premium rate of $200.00 per hour for trial time, but Mr. Gubbins need not do so: the City never objected to similar rates for Gubbins's co-counsel, Ms. Stowell, and Mr. Gubbins's qualifications are superior to hers. In any event, the court believes that $200.00 per hour of trial time is a reasonable rate in this market for a person of Mr. Gubbins's abilities and expertise, particularly in this area of the law. The court will thus allow compensation of Mr. Gubbins's trial time at that rate.

 The court now turns to the hours which Mr. Gubbins spent on this matter. Mr. Gubbins claims that he worked 92.5 hours outside of trial and five hours on trial.[2] The City first objects to the lack of documentation behind Mr. Gubbins's statement. This lack of documentation is so bad, the City argues, this court should allow the City to depose Mr. Gubbins about his hours or else discount his claims.[3] The City's position had merit at one point in this row over fees. For example, Wzorek withdrew his petition for fees on appeal, but because Mr. Gubbins's billing statement commingled hours, no one except Mr. Gubbins could say what the appeal fees were. His statement also did not identify some of the witnesses and experts whom he consulted. The City and the court were thus unable to say whether this time was compensable or reasonable.

The court ordered Wzorek to provide more information, and he has done so. While Mr. Gubbins's billing statement does commingle tasks and describes them in brief terms, the court does not find them to be so deficient (except for the matters which Wzorek has since clarified) so as to deprive the City of a chance to argue their reasonableness, or to prevent the court from passing on them. Indeed, notwithstanding the brevity of Mr. Gubbins's statement, the City has made several worthwhile observations about it. A more prolix written description or oral recount of Mr. Gubbins's work is unnecessary.

 Now to the City's specific objections. The City first faults Mr. Gubbins for not exercising "billing judgment"—that is, billing the City for things for which Mr. Gubbins probably would not have the stomach to bill his own client. See *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1940 (counsel should exclude such hours from requests for fees under § 1988). There are noticeable overcharges in Mr. Gubbins's statement. For example, he billed a discussion of his retainer agreement with Wzorek and his relatives (July 15, 1988) and conferences over the availability of witnesses (July 26 and 29, August 1, 1988). The court will reduce Wzorek's request by 2.5 hours for these matters.

 The City suggests that the court also should not award fees for hours which Mr. Gubbins spent consulting with associates—that this request too is an example of lack of billing judgment. Initially, the court wonders why the City chose to complain about Mr. Gubbins's consultations with his associates while it did not challenge his associates' consultations with Mr. Gubbins. The City's unequal treatment of the petitions strikes the court as unfair in the least, and spiteful (perhaps sanctionable) at worst.

---

**2.** Wzorek originally claimed 153 hours for non-trial work. Subsequently, Wzorek withdrew his claims for appellate work, which amount to 60.5 hours.

**3.** The City could have lodged the same objection to the fee petitions of Mss. Stowell and Friedman, but did not. This suggests again to the court that the City may have ulterior, improper motives for contesting the clarity of Mr. Gubbins's statement.

Nevertheless, Mr. Gubbins and his associates are not guilty of double-billing the City. Mr. Gubbins's billing statement reveals other tasks besides consultations on the days on which Mr. Gubbins conferred with his associates. Moreover, it is the court's experience that good attorneys confer with and assist one another, particularly in the days leading up to a trial (the occasion for the bulk of Mr. Gubbins's conferences with his associates). These consultations often improve the efficiency of lawyers on a team, preventing duplication of tasks and resulting in a more efficient allocation of work. In the long run, these consultations can result in fewer hours ultimately spent in litigation. Based on its review of Mr. Gubbins's requests for time spent in consultation, the court finds that they are reasonable.

■ The City's second objection is to Mr. Gubbins's charges for 2.25 hours of consultation with Wzorek's treating physician, Dr. Borden. Mr. Gubbins spent one hour with Dr. Borden totalling the costs of Wzorek's treatment and obtaining documents supporting these costs. He spent the remaining time, spread over two days, preparing Dr. Borden to testify about damages. Wzorek ultimately did not call Dr. Borden, however, as Wzorek and the City stipulated to the costs of his treatment by Dr. Borden.

The City argues that Mr. Gubbins spent too much time on both tasks with Dr. Borden. The court agrees. The matters on which Dr. Borden would have spoken were fairly simple, and whatever preparation Dr. Borden would have required could have been done at the same time he helped Mr. Gubbins prepare his summary of costs. The court will reduce Wzorek's request for this time by one hour.

■ The City's third objection is to Mr. Gubbins's charges for 6.25 hours of work with a mathematician, Dr. Jerry Goldman. Prior to a damages hearing in this matter, Mr. Gubbins consulted with Dr. Goldman for 2.75 hours on calculations for lost wages and benefits. Part of this time was spent reviewing the City's figures on these amounts and preparing Dr. Goldman to tes-

tify at the hearing. Like Dr. Borden, however, Dr. Goldman did not testify at the hearing, as the parties stipulated to the City's figures. Prior to a later hearing on other damages issues, Mr. Gubbins talked for one hour with Dr. Goldman about the City's attempts to bar Dr. Goldman from testifying at that hearing. Mr. Gubbins spent another 2.75 hours preparing Dr. Goldman for a deposition, then attending that deposition.

■ The City's objection to Mr. Gubbins's discussions with Dr. Goldman over the City's motion to bar his testimony is well-taken. Wzorek has not explained why it was necessary for Mr. Gubbins to talk with Dr. Goldman about this matter. If Mr. Gubbins merely had a discussion with him about the law of evidence, the City should not have to pay. Until Wzorek describes this hour in better detail, the City will not be charged for it. The City's other objections to Mr. Gubbins's consultations with Dr. Goldman do not fare as well, however. While Dr. Goldman's work was not the source of the parties' ultimate stipulations on damages, it was necessary for Mr. Gubbins to seek Dr. Goldman's advice so that Mr. Gubbins could better prove Wzorek's damages. Later, after the City proposed its own damages figures, Mr. Gubbins reasonably relied on Dr. Goldman to check their accuracy.

The court will thus award attorneys fees to Wzorek for 88 hours of non-trial time and five hours of trial time. At the reasonable rates of $175.00 per hour of non-trial time and $200.00 per hour of trial time, this yields a lodestar figure of $16,400.00. The court finds that this lodestar is reasonable.

Wzorek also seeks an award of his costs in this action. He requests reimbursement of the costs of one transcript, his share of the costs of a court-appointed expert, and the fees of Dr. Goldman. The City objects. It first contends that Wzorek's petition for costs is untimely. According to General Rule 45(a),

Within thirty days of the entry of judgment allowing costs, the prevailing party shall file a bill of costs with the Clerk

and serve a copy of the bill on each adverse party. If the bill of costs is not filed within thirty days, costs other than those of the Clerk, taxable pursuant to 28 U.S.C. § 1920 [(1982)], shall be deemed waived. The Court may, on motion filed within the time provided for the filing of the bill of costs, extend the time for filing the bill.

The parties do not dispute that this court entered a final judgment which allowed costs on September 6, 1989. Wzorek filed his bill of costs in December 1989,[4] without having moved for an extension of time for filing his bill.[5]

 Wzorek responds first that General Rule 45(a) does not apply to petitions for awards under § 1988. There are cases from other circuits to this effect, see, for example, *Fulps v. City of Springfield*, 715 F.2d 1088, 1095–96 (6th Cir.1983),[6] but they do not help Wzorek. Two of the items for which Wzorek seeks reimbursement are among those listed in the costs statute, 28 U.S.C. § 1920 (1982). See *id.* at § 1920(2) (stenographic charges); *id.* at § 1920(6) (compensation of court-appointed experts). Costs taxed by the court under § 1920 stand apart from those which a prevailing party may recover for his or her attorney under § 1988. See *Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1203 (7th Cir.1984). By its terms, General Rule 45(a) covers statutory costs, and Wzorek has filed too late for them.

 Wzorek argues that the court still has the discretion to tax statutory costs,

notwithstanding his late filing. He argues that under Rule 54(d), Fed.R.Civ.Pro., the Clerk is the person who taxes costs, and General Rule 45(a) does not cover "costs of the Clerk." Wzorek's interpretation of General Rule 45(a) is incorrect. The costs of the Clerk mentioned in General Rule 45(a) are those listed in § 1920(1) and § 1920(5). The thinking behind the General Rule's exemption for the costs of the Clerk is that parties are aware of these costs from the moment they enter litigation, while the costs of witnesses, transcripts, and the like are variable. A losing party suffers no prejudice from late notice of fixed costs, whereas late notice of variable costs—especially if they are substantial—could affect a party's decision to appeal. That is why the court spurs prevailing parties to file for variable costs promptly. Moreover, were the court to accept Wzorek's interpretation of General Rule 45(a), the rule would mean nothing.

 Wzorek thus may not recover the costs of transcripts or his portion of the costs of the court-appointed expert. As for the expenses of Dr. Goldman, Wzorek's own expert, a prevailing party may recover the expenses of its own experts under § 1988. This goes for the expert's time out of court as well as in. See *Friedrich v. City of Chicago*, 888 F.2d 511 (7th Cir. 1989). The City first objects to the taxing of Dr. Goldman's expenses on the grounds that his work product was not used in court, but this argument is not dispositive. As noted in *id.* at 514–15, experts can render valuable assistance to an attorney in

---

4. The docket states that Wzorek filed this motion on December 12, 1989. Shortly after receiving the motion, the City objected to it as exceeding the ninety-day limitations period for filing attorneys fees petitions set forth in General Rule 46. The City waived this objection in open court on December 20, 1989.

5. The City can't leave a good argument alone, however. It goes on for nearly a page after stating its timeliness argument to describe how "Gubbins's failure to file his petition for costs is consistent with his well-established pattern of non-compliance with the rules governing the time for filing pleadings in both the Seventh Circuit and the district court." City's Response to Petition 9. The City could not have launched this attack upon Mr. Gubbins as a preemptive

strike, as General Rule 45(a) does not provide for late filing after thirty days of silence. The court believes that the City's attacks are part of the crusade which the court has noted earlier to smear Mr. Gubbins in this lawsuit, no matter the consequences to his client. See notes 1 and 3 and discussion at page 4 above. The City may think that it can impress this court or the court of appeals with this evident animus. Speaking for itself, this court must tell the City that its tactics will get it nowhere in this case.

6. Wzorek suggests that this case stands for a second proposition that only the doctrine of laches applies to petitions for fees under § 1988. The Supreme Court has indicated otherwise. See discussion accompanying note 8 below.

the preparation of a case, even if the expert ultimately does not testify. The court suspects that it was probably more cost-efficient for Dr. Goldman to examine the City's figures than for Mr. Gubbins to do so.[7]

 The City's second objection is more valid than its first. Again, the City objects to Wzorek's request for Dr. Goldman's expenses as untimely under General Rule 45(a). But does that rule cover expert fees? Recall that fees for experts are treated as attorneys fees under § 1988. One could argue (although Wzorek has not) that this court should treat them as attorneys fees under the General Rules, thereby requiring the court to apply General Rule 46—a rule which establishes a ninety-day limitation for attorneys fee motions—instead of General Rule 45.

Not much is written about the distinction in the Local Rules between costs and attorneys fees. The courts of this district enacted General Rule 46 in the wake of *White v. New Hampshire Dept. of Empl. Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), where the Court suggested that the district courts were free to establish time limits for attorneys fee petitions by local rule. See *Max M. v. Illinois State Bd. of Educ.*, 684 F.Supp. 514, 519 (N.D.Ill.1988).[8] *White* preceded other Supreme Court and Seventh Circuit decisions which have interpreted "attorney's fee" in § 1988 as being more than merely the wages of an attorney. See *Friedrich*, 888 F.2d at 513 (giving many examples of the broader interpretation). It is not certain that the courts of this district anticipated these developments when they adopted General Rule 46.

The court believes that there are three ways out of this puzzle. One is for the courts of this district to clarify the rules. A practical way to do this would be to combine General Rules 45–46 and make one time limit for all cost and fee requests.

This solution will not help Wzorek and the City, however. A second way to solve the problem—one which the court could use to resolve the present dispute—would be to define the words "costs" and "attorneys fees" in General Rules 45–46 as cases present themselves. This theoretically would give deference to the combined wisdom of the judges who enacted the General Rules, but given the paucity of legislative materials for General Rules 45–46, it is more likely that incremental interpretation of General Rules 45–46 would lead to many different definitions of them.

A middle course, and one which would allow the court to decide the issue for this case, is to treat as attorneys fees under General Rule 46 everything defined as an attorneys fee under the pertinent fee-shifting statute. Every other recoverable expense would be a cost, and subject to General Rule 45. One could argue that this approach comes closest to the thinking of the judges who enacted General Rule 46 in the wake of *White*. It also will allow parties to draw from a wider, more available body of interpretive materials than what accompanies the General Rules. This will allow parties who litigate under the present rules to anticipate better when to file petitions for particular expenses.

The court thus awards Wzorek $16,400.00 in attorneys fees for the work of John L. Gubbins. The court denies Wzorek's petition for costs as untimely. The court gives Wzorek leave to supplement his request under § 1988 for the expenses of Dr. Jerry Goldman, within ten days.

---

7. The court is not certain of this point, however, as Wzorek has not presented an itemization of Dr. Goldman's charges. The court will thus deny Wzorek's petition for these charges, but will give him leave to supplement his petition with this itemization within ten days.

8. *White* involved an attorneys fee petition under § 1988. Given that the Court used *White* as the occasion to authorize local time limits for attorneys fee petitions, this court must reject Wzorek's argument, see note 6 above, that only the doctrine of laches limits the time for filing fee petitions under § 1988.