WALKER B. FITE AND AGNES FITE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fite v. Commissioner
Docket No. 26995-92
United States Tax Court
T.C. Memo 1993-594; 1993 Tax Ct. Memo LEXIS 618; 66 T.C.M. (CCH) 1588; 63 Fair Empl. Prac. Cas. (BNA) 910; December 16, 1993, Filed *618 An order will be issued granting petitioners' motion for summary judgment and a decision will be entered under Rule 155. For petitioners: Tillman C. Carroll and James Q. Carr II. For respondent: Keith A. Aqui and John Keenan. DAWSON, PANUTHOS
DAWSON; PANUTHOS
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1989 in the amount of $ 30,715.86 and an accuracy-related penalty under section 6662 in the amount of $ 296.73. This matter is *619 before the Court on petitioners' motion for summary judgment. Petitioners contend that they are entitled to a judgment that damages and attorney's fees awarded to Walker B. Fite [2] as a result of a suit he brought against his former employer under the Age Discrimination in Employment Act of 1967 (ADEA), Pub. L. 90-202, 81 Stat. 602 (current version at 29 U.S.C. secs. 621-634 (1988)), are excludable from income under section 104(a)(2). As explained in more detail below, we agree that the issues in this case are ripe for summary adjudication. Background
On October 30, 1984, petitioner brought suit in the U.S. District Court for the Western District of Tennessee against his former employer, First Tennessee Production Credit Association (First Tennessee), alleging that First Tennessee had discharged him from employment in violation of the ADEA. The case was tried before a jury which found in petitioner's *620 favor and awarded him damages in the amount of $ 270,000. The District Court entered its judgment on February 19, 1987. On April 9, 1987, petitioner moved the District Court for an award of attorney's fees to cover all services rendered in connection with the litigation. On May 22, 1987, the District Court entered an order awarding attorney's fees in the amount of $ 69,378.75, plus $ 1,955.88 in costs. First Tennessee appealed the case to the United States Court of Appeals for the Sixth Circuit, which affirmed the District Court in a published opinion. Fite v. First Tennessee Prod. Credit Association, 861 F.2d 884 (6th Cir. 1988). [3]
Relying on this Court's original opinion in Rickel v. Commissioner, 92 T.C. 510 (1989), affd. in part and revd. in part 900 F.2d 655 (3d Cir. 1990), petitioners *621 reported one-half of the $ 270,000 damages award ($ 135,000) as gross income on their Federal income tax return for the 1989 taxable year, excluding the remainder as a recovery of damages for personal injury under section 104(a)(2). On the same return, petitioners included in income the $ 114,584 amount received as an award for attorney's fees and costs and claimed a partially offsetting miscellaneous itemized deduction in the amount of $ 87,615 under section 212. Subsequently, on or about December 24, 1990, petitioners filed an amended return for the 1989 taxable year seeking a refund in the amount of $ 55,312 on the grounds that the awarded damages and the award for attorney's fees and costs are wholly excludable from income under section 104(a)(2). Petitioners filed their amended return in reliance on Pistillo v. Commissioner, 912 F.2d 145 (6th Cir. 1990), revg. T.C. Memo. 1989-329, and the opinion of the Court of Appeals for the Third Circuit in Rickel v. Commissioner, supra.
In the notice of deficiency respondent determined that: (1) The entire damage award ($ 270,000) and the amounts *622 awarded to petitioner for attorney's fees and costs ($ 114,584) are properly reportable as gross income; (2) petitioners are entitled to a miscellaneous itemized deduction (for attorney's fees and costs) in the amount of $ 107,438, rather than the $ 83,310 amount reported on petitioners' original return; and (3) petitioners failed to report $ 7,065 of taxable interest income. The deficiency notice also served to notify petitioners that respondent would disallow their claim for refund (per their amended return for 1989). In response, petitioners filed a timely petition for redetermination with this Court. At the time the petition was filed, petitioners resided in Munford, Tennessee. Petitioners maintain that respondent erred in determining a deficiency on the ground that the damages award and the award for attorney's fees and costs in question are excludable in their entirety under section 104(a)(2). In the answer to the petition, respondent denies that the awards are excludable from income. In due course, petitioners filed a motion for summary judgment asserting that they are entitled to a ruling that both the damages award and the amounts awarded for attorney's fees and costs *623 are excludable from income. The matter was set for hearing in Washington, D.C. Both parties appeared at the hearing and presented argument on the motion. [4] In addition, both parties submitted written statements to the Court pursuant to Rule 50(c). Discussion
Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The parties do not dispute any material fact. Given the nature of the issues presented for disposition, we think *624 summary adjudication is appropriate. 1. Damages award
Section 104(a)(2) provides: (a) In General. -- Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 * * *, gross income does not include -- * * * (2) the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness;
It is now settled in this Court that damages received on account of a claim of discrimination under the ADEA are excludable from gross income under section 104(a)(2). Pistillo v. Commissioner, supra; Downey v. Commissioner, 100 T.C. 634 (1993); Horton v. Commissioner, 100 T.C. 93 (1993); Rickel v. Commissioner, supra.In the instant case petitioner brought a lawsuit against his former employer alleging age discrimination and was awarded damages in the amount of $ 270,000. While respondent objects to the granting of petitioners' motion on this point, respondent concedes that cases such as Downey and Horton control in *625 this Court and that the $ 270,000 damages award is excludable from income under section 104(a)(2). 2. Attorney's fees and costs award
The issue concerning the proper tax treatment of the award that petitioner received for attorney's fees and costs is not as easily resolved. We are asked to decide whether the award is excluded from income, as petitioners assert, or whether the award is included in income followed by a deduction under section 212, as respondent argues. Respondent cites White v. New Hampshire Dept. of Empl. Sec., 455 U.S. 445, 452 (1982), for the proposition that an award of attorney's fees is not properly considered "compensation for the injury giving rise to the action." Respondent relies on the foregoing statement to support the contention that attorney's fees are not excludable from income under section 104(a)(2). In Roemer v. Commissioner, 79 T.C. 398 (1982), revd. 716 F.2d 693 (9th Cir. 1983), the taxpayer, an insurance broker, brought a libel suit and was awarded compensatory and punitive damages. In addition, the taxpayer was awarded interest and costs in the amount *626 of $ 85,601. The taxpayer originally reported a portion of the damages and interest and all of the costs portion of the award ($ 7,751) in income. However, he later filed an amended return claiming that he had erred in including damages and costs in income. The Commissioner determined that the entire award was includable in income and issued the taxpayer a notice of deficiency. Upon consideration of the matter, we first concluded that the amounts awarded as compensatory and punitive damages were not excludable from taxable income under section 104(a)(2) as argued by the taxpayer. Turning to the question of the proper tax treatment of the costs awarded to the taxpayer, we declined to decide the issue, stating: It is unnecessary for us to decide whether the reimbursement of costs should be excluded from petitioner's gross income [as a return of capital], as petitioner contends, or whether the costs are includable in gross income and deductible under section 212, as respondent contends. Under either rationale, the result would be the same on the particular facts of this case. * * * [Roemer v. Commissioner, 79 T.C. at 410.]
On appeal, the Court *627 of Appeals for the Ninth Circuit reversed, holding that the compensatory and punitive damages awarded to the taxpayer were excludable from income as compensation for a personal injury under section 104(a)(2). With respect to the proper treatment of the costs portion of the award, the Court of Appeals held that only the portion of the costs allocable to the damages portion of the award (as opposed to the interest portion of the award) were excludable. On the other hand, the Court concluded that the portion of the costs allocable to the interest portion of the award was deductible under section 212. It reasoned as follows: To the extent litigation expenses were allocable to interest received on the award, they were deductible under [sec.] 212(1) as expenses paid for the production of income. To the extent the expenses are allocable to the tax-exempt damages, although not deductible, they are excludable from gross income as a recovery of capital. The taxpayer here was reimbursed for what was his already. Furthermore, Roemer incurred these expenses in order to make himself whole again, not to generate income for himself. In considering the deductibility of expenses, the Supreme *628 Court has said that characterization of litigation expenses depends on the origin of the claim litigated. Woodward v. Commissioner, 397 U.S. 572, 90 S.Ct. 1302, 25 L.Ed. 2d 577 (1970). Applying the same standard to the taxability of a reimbursement of litigation expenses would lead to the conclusion that this reimbursement, being for expenses incurred on account of a personal injury, should be excluded from gross income under the rationale that the taxpayer is not receiving income but is being made whole after a personal injury. [Roemer v. Commissioner, 716 F.2d at 700.]
This Court adopted a similar approach in determining the taxability of an award of attorney's fees and costs in Johnson-Waters v. Commissioner, T.C. Memo. 1993-333, where the taxpayer brought a lawsuit against her employer alleging gender and race discrimination after being denied a promotion. The taxpayer received a $ 22,000 payment in settlement of the matter. The taxpayer failed to include the settlement in income, resulting in the Commissioner's determination of a deficiency. The *629 Commissioner allocated the $ 22,000 settlement as follows: Back pay including bonuses
$ 11,000
Attorney's fees
6,000
Costs of litigation
1,500
Damages attributable to a tort claim
3,500
Total
$ 22,000
The Commissioner further determined that the first three items were includable in income while the $ 3,500 amount was excludable under section 104(a)(2). Following a trial in the case, we sustained the Commissioner's allocation of the settlement award among the various items listed above. At the same time, however, we rejected the Commissioner's determination that the portion of the settlement attributable to attorney's fees and costs should be included in income in its entirety. In particular, we assumed that the attorney's fees and costs were paid to the taxpayer in proportion to the amount of damages includable and excludable from income. In this regard, we held that the taxpayer could properly exclude from income $ 1,810 representing the portion of attorney's fees and costs allocable to the $ 3,500 portion of the award attributable to the taxpayer's tort claim. We further held that while the remaining $ 5,690 of the attorney's fees and costs award was required *630 to be included in income, the taxpayer was entitled to claim the item as a deduction on Schedule A of the return. Here we have concluded that the entire damage award of $ 270,000 is excludable from income under section 104(a)(2). Consistent with cases such as Roemer v. Commissioner, supra, and Johnson-Waters v. Commissioner, supra, we hold that the amounts awarded to petitioner for attorney's fees and costs likewise are excludable from income. In our view the amounts awarded to petitioner for attorney's fees and costs are directly related to and were received on account of petitioner's claim of discrimination under the ADEA. In so concluding, we note that 29 U.S.C. section 626(b) provides that the remedies contained in 29 U.S.C. section 216 (other than subsection (a)) shall apply in enforcing the ADEA. 29 U.S.C. section 216(b) explicitly provides that a court shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee and costs of the action to be paid by the defendant. Contrary to respondent's *631 position, we are not persuaded that White v. New Hampshire Dept. of Empl. Sec., supra, requires us to hold otherwise. In short, the statement in White, relied upon by respondent, that attorney's fees awarded under 42 U.S.C. section 1988 are not compensation for the injury giving rise to the cause of action, was made in the context of a ruling that rule 59(e) of the Federal Rules of Civil Procedure does not apply to a post-judgment motion for attorney's fees. The statement was not directed towards the issue of the taxability of an award of attorney's fees and costs, and thus we decline to apply it as such. Accordingly, petitioners' motion for summary judgment will be granted. To reflect our conclusions and petitioners' concessions, An order will be issued granting petitioners' motion for summary judgment and a decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All references to petitioner in the singular are to Walker B. Fite.↩
3. It appears that, following its loss on appeal, First Tennessee paid petitioner a total of $ 114,584 for attorney's fees and costs.↩
4. At the hearing of this matter, petitioners conceded the portion of the deficiency and the penalty attributable to their failure to report taxable interest income of $ 7,065.↩