Nayif AL–SADOON, Plaintiff,

v.

**FISI\*MADISON FINANCIAL CORPORATION,**
Defendant.

No. 3:00–0277.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 26, 2002.

Karen L. Baker, Law Offices of Bednarz & Bednarz, Nashville, TN, for plaintiff.

Lawrence Slade Eastwood, Jr., Baker, Donelson, Bearman & Caldwell, Nashville, TN, for defendant.

### MEMORANDUM and ORDER

TRAUGER, District Judge.

Pending before this court is the defendant's Motion to Reconsider (Docket No. 44), to which the plaintiff has responded (Docket No. 47). For the reasons discussed herein, the defendant's motion will be denied.

On December 21, 2001, the court entered an Order granting, in part, and denying, in part, the motion for summary judgment on all claims filed by defendants FISI*Madison Financial Corporation ("FISI*Madison") and Mike Fay. (Docket No. 43) The court granted judgment as a matter of law to the defendant on the plaintiff's claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Tennessee Human Rights Act, Tenn.Code Ann. § 4–21–101, *et seq.* There were no other claims against defendant Mike Fay, and he was dismissed from this case. The court denied the defendant FISI*Madison's motion on the plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101–12213, and for retaliatory discharge under Tennessee common law.

On January 31, 2002, the defendant filed a motion to reconsider the denial of summary judgment as to the ADA and retaliatory discharge claims. The defendant does not bring this motion pursuant to any specific Federal Rule of Civil Procedure or Local Rule of this court. In response, the plaintiff argues that motions to reconsider are not contemplated by the Federal Rules of Civil Procedure, and, if allowed at all, should be subject to the standard for a motion to alter or amend judgment pursuant to Rule 59(e). (Docket No. 47 at 1–2)

Federal Rule of Civil Procedure 54(b) states that

[i]n the absence of [a final] determination and direction [for entry of judgment], any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

It is pursuant to this rule that parties seek reconsideration of interlocutory decisions by the court, including partial denial of a motion for summary judgment. However, this rule does not expressly provide for such motions by parties and does not pre-

scribe any standards or bases for revisions of prior decisions. .

In this district, the Local Rules make only the following reference to motions for reconsideration within the context of responsive motions:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion. A reply memorandum may be filed upon leave of Court. *Provided, however, the Court may act on the motion prior to the time set forth hereinbefore. In such event, the affected party may file a motion to reconsider within ten (10) days, or twenty (20) days in the case of a motion for summary judgment, after service of the order reflecting the action of the Judge. The prevailing party shall not respond to a motion to reconsider unless the Court orders a response.*

Local Rule 8(b)(3) (emphasis added). One reading of this Local Rule would allow for motions to reconsider only where the court issues a decision before the affected party has the opportunity to submit a response memorandum or to seek leave to submit a reply memorandum. Although the courts in this district have never adopted such a stringent interpretation of this rule, they have not provided any other clear standard for motions to reconsider interlocutory decisions.

Some federal districts have adopted local rules that specifically address the grounds for motions for reconsideration. Some have limited motions for reconsideration of interlocutory decisions essentially to the same grounds available for motions to alter or amend a final judgment under Rule 59(e). *See* Local Rule 60.1 (D. Hawaii 2001); Local Civil Rule 7(e) (W.D.Wash.2001); Local Rule 7–9(b) (N.D.Cal.2001); Local Rule 7–7.16 (C.D.Cal.2001). The Sixth Circuit has held that Rule 59(e) motions to alter or amend judgment "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). In order to constitute newly discovered evidence, "the evidence must have been previously unavailable." *GenCorp,* 178 F.3d at 834 (citations omitted).

Two districts in the Sixth Circuit require that "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(g)(3) (E.D.Mich.2001); *see also* Local Rule 7.4(a) (W.D.Mich.2001). The Southern and Eastern Districts of New York require that the moving party submit a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Civil Rule 6.3 (S. & E.D.N.Y. 2001); *see also* Local Civil Rule 9(e)(1) (D.Conn.2001) (same). Finally, the Central and Southern Districts of California require that the moving party set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78–230(k)(3) (C.D.Cal.2001); Local Civil Rule 7.1(i)(1) (S.D.Cal.2001).

■ At a minimum, the districts that have articulated a standard require that there be some clear error in the court's

prior decision or that the movant put forth an intervening controlling decision or newly discovered evidence not previously available. None of these courts allow a party simply to reargue its prior position in the hope that the court will change its mind. However, these courts recognize that there are some valid grounds for reconsideration, including an intervening change in controlling law. This court generally will consider motions for reconsideration pursuant to the grounds available for motions to alter or amend under Rule 59(e) or upon a showing that the court clearly overlooked material facts or controlling law *that were presented by the party in its prior motion* and that would result in a different disposition. With regard to the timing of such motions, the Local Rules require that motions for reconsideration be filed within twenty days of service of the court's decision on a motion for summary judgment and within ten days of service of all other decisions. Local Rule 8(b)(3).[1]

■ In this case, the defendant claims that reconsideration is necessary in light of the United States Supreme Court's decision, *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), issued January 8, 2002 and reversing a Sixth Circuit decision in an ADA case. The defendant filed its motion for reconsideration on January 31, 2002, forty-one calendar days after the entry of the court's December 21, 2001 decision denying, in part, the defendant's motion for summary judgment. Under the Local Rules, the defendant had twenty days after service of the court's order to file a motion for reconsideration. Although the defendant has not stated when it received service of the court's order, its motion for reconsideration clearly is untimely. The Supreme Court decision upon which the defendant's motion is based was issued prior to the deadline for its motion, and the defendant has offered no explanation for its failure to submit its motion in a timely manner. As a result, the defendant's motion for reconsideration must be denied as untimely.

■ The court also would deny the defendant's motion on its merits. The defendant argues that, under the standards announced in *Toyota*, the plaintiff cannot establish that he is either actually disabled or regarded as disabled under the ADA. (Docket No. 44 at 5–13) In support of its argument, the defendant has submitted portions of the plaintiff's deposition that were not submitted in its prior motion for summary judgment. (Docket No. 44, attach. Ex. B, Deposition of Nayif Al-Sadoon) Based on this evidence, the defendant argues that it is entitled to judgment as a matter of law on the plaintiff's ADA claims and that the court's prior decision denying summary judgment should be reconsidered.

In the December 21, 2001 Memorandum, the court noted that a plaintiff may establish a *prima facie* claim under the ADA by showing "(1) that he is disabled; (2) that he is otherwise qualified for his previous position with [the defendant], with or without reasonable accommodation; (3) that he suffered an adverse employment decision; (4) that [the defendants] knew or had reason to know of his disability; and (5) that he was replaced or that his position remained open while [the defendants] looked for other applicants." *Plant v. Morton*

---

1. All other districts that have adopted filing deadlines have required that motions for reconsideration be filed within ten days of the entry of the order. *See* Civil Rule 105(10) (D.Md.2001); Local Rule 7.2(e) (D.N.H.2001); Local Rule 7.1(g) (N.D.N.Y.2001); Civil Rule 7.1(g) (E.D.Pa.2001); Civil Rule 6.3 (S & E.D.N.Y.2001); Local Civil Rule 9(e)(1) (D.Conn.2001); Civil Local Rule 7.2(E) (N.D.Ga.2001); Civil Rule 7.6 (M.D.Ga.2001); Local Rule 60.1 (D. Hawaii 2001); Local Rule 7.1(g)(1) (E.D.Mich.2001).

*Int'l, Inc.*, 212 F.3d 929, 936 (6th Cir.2000), *reh'g and reh'g en banc denied* (July 25, 2000). The court then stated,

> The defendants have moved for summary judgment on the plaintiff's claims under the ADA solely on the ground that the plaintiff "cannot perform one of the essential functions of the Shipping Coordinator position he formerly held, so he is therefore not a 'qualified' individual." (Docket No. 29 at 15) As a result, the court will assume that the plaintiff can establish the remaining elements of his *prima facie* case as to each claim under the ADA.

(Docket No. 42, Memorandum of December 21, 2001 at 9)

Because the defendant did not challenge the plaintiff's ability to do so, the court did not address whether the plaintiff could establish that he was disabled under the ADA. The defendant's motion for reconsideration is based solely on this element of the plaintiff's *prima facie* claim. Hence, the defendant's motion, in reality, is a second motion for summary judgment based on a new argument and previously available evidence not submitted to the court in the prior motion. The Supreme Court's decision in *Toyota* was limited to a discussion of what constitutes a "disability" under the ADA and, as such, does not affect this court's decision regarding the plaintiff's ability to establish that he was qualified to perform the essential functions of his job, with or without a reasonable accommodation. The defendant does not seek reconsideration of the court's analysis, only of the court's decision to deny summary judgment. This is not a proper basis for a motion for reconsideration, and the defendant's motion will be denied as to the plaintiff's ADA claims.

■ The defendant also has moved for reconsideration of the court's denial of its motion for summary judgment on the plaintiff's claim of retaliatory discharge.

The defendant reargues its prior assertion that the plaintiff cannot establish a causal link between his termination and his filing of a worker's compensation claim. (Docket No. 44 at 13–17) In support of its argument, the defendant has submitted a new excerpt from the deposition of Michael Fay, which was not submitted in support of its prior motion, a new affidavit from Michael Fay, and a document that the defendant describes as "[t]he very first document in Mr. Al–Sadoon's personnel file—which was among the first group of documents produced to Plaintiff early in discovery . . . ." (Docket No. 44 at 14; *id.*, attach. Ex. D, Deposition of Michael John Fay; Docket No. 45, Second Affidavit of Michael Fay; *id.*, attach. Ex. 1) None of this evidence is newly discovered and all of it was available to the defendant when it filed its previous motion for summary judgment. As a result, it will not be considered by the court.

■ With regard to the defendant's argument, the court is not persuaded that it clearly overlooked any material evidence or controlling law in denying the defendant's motion for summary judgment. The defendant argues that the court improperly considered the plaintiff's evidence regarding the grounds for his termination in finding that the plaintiff had established a genuine issue regarding a causal link. The defendant claims that its reasons for the termination should have been considered only after the plaintiff established a *prima facie* claim of retaliatory discharge. (Docket No. 44 at 15) However, as the court noted in its prior Memorandum, the Tennessee Supreme Court has held that "where . . . the plaintiff's claim of causation is consistent with the facts and circumstances shown, and the employer chooses to offer no explanation for the employee's discharge, fairness requires that any credible evidence from which the trier of fact could infer causation will defeat the motion for summary judgment."

*Mason v. Seaton,* 942 S.W.2d 470, 474 (Tenn.1997).

The plaintiff testified the only explanation he was ever given for his termination was that "the time was done." (Docket No. 44, Affidavit of Nayif Al–Sadoon, para. 44) Fay refused to provide the plaintiff with something in writing and did not expand upon the grounds for the termination. *Id.* This statement, without some explanation, does not constitute an explanation for the discharge, especially in light of the defendant's repeated denials that the plaintiff's termination was in any way related to the use of FMLA leave. As a result, under *Mason,* the court had to consider whether the plaintiff had presented any credible evidence from which the trier of fact could infer causation. Finding that he had, the court denied the defendant's motion for summary judgment.

Contrary to the defendant's argument, it was not improper for the court to consider the lack of an explanation for the termination in making this decision. The court's decision was not a clear error of law and did not overlook any material facts or controlling law, which are the only possible bases for the defendant's motion. As a result, the defendant's motion for reconsideration of the court's denial of summary judgment on this claim will be denied.

For the reasons stated herein, the defendant's motion for reconsideration is untimely pursuant to Local Rule 8(b)(3). Further, the defendant has not offered a sufficient basis for reconsideration of the court's December 21, 2001 decision denying summary judgment on the plaintiff's ADA and retaliatory discharge claims. Therefore, the defendant's Motion to Reconsider (Docket No. 44) is **DENIED.**

It is so Ordered.