**Gaynell GRIER, et al., individually and on behalf of others similarly situated, Plaintiffs,**

**and**

**Sanford Bloch, et al., and all others similarly situated, Plaintiffs–Intervenors,**

**v.**

**M.D. GOETZ, Jr., Commissioner, Tennessee Department of Finance and Administration, et al., Defendants,**

**and**

**Tennessee Association Of Health Maintenance Organizations, et al., Defendants–Intervenors.**

No. 3:79–3107.

United States District Court, M.D. Tennessee, Nashville Division.

March 15, 2006.

Dorothy M. Siemon, Franco Allocco Munoz, Sarah Lenz Lock, A.A.R.P. Foundation Litigation, Washington, DC, Erin E. Oshiro, Petra T. Tasheff, Welfare Law Center, New York, NY, Everette L. Doffermyre, Kimberly Jean Johnson, Doffermyre, Shields, Canfield, Knowles & Devine, Atlanta, GA, George Gordon Bonnyman, Jr., Joseph Michael Engle, Michele M. Johnson, Lisa J. D'Souza, Shawn L. Caster, Tennessee Justice Center, Inc., Nashville, TN, for Plaintiffs and Plaintiffs–Intervenors.

Ralph I. Knowles, Jr., Doffermyre, Shields, Canfield, Knowles & Devine, Atlanta, GA, Russell James Overby, Tennessee Justice Center, Inc., Nashville, TN, for Plaintiffs–Intervenors.

Charles J. Cooper, Derek L. Shaffer, Kathryn L. Wheelbarger, Michael W. Kirk, Nicole J. Moss, Cooper & Kirk, Charles A. Miller, Covington & Burling, Washington, DC, Linda A. Ross, Steven B. Carter, Sue A. Sheldon, Jennifer Helton Hann, John W. Dalton, Nicholas G. Aemisegger, Jr., Tennessee Attorney General's Office, Ronald G. Harris, Aubrey B. Harwell, Jr., Philip D. Irwin, Neal & Harwell, Michael L. Roden, Office of the United States Attorney, Nashville, TN, for Defendants.

Gary C. Shockley, John S. Hicks, Lewis R. Donelson, Lea C. Owen, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, William Matthew Barrick, William Beesley Hubbard, Hubbard, Berry, Doughty, Harris & Barrick, PLLC, Blakeley D. Matthews, Cornelius & Collins, LLP, Edmund L. Carey, Jr., Gerald E. Martin, Barrett, Johnston & Parsley, Margaret Mary Huff, Nashville, TN, John M. Murdock, Epstein, Becker & Green, Washington, DC, for Defendants–Intervenors.

### ORDER

NIXON, Senior District Judge.

Pending before the Court is Defendant–Intervenor's, Tennessee Hospital Associa-

tion's ("THA"), Motion to Alter or Amend Judgment, or, in the Alternative, Motion for a Partial New Trial. (Doc. No. 1289.) The Hospital of Tennessee ("HAT") joined THA's Motion, but did not file a separate motion or memorandum. (Doc. No. 1302). Defendants, Plaintiffs and Plaintiffs–Intervenors have responded. (Doc. Nos.1308, 1316, 1317, respectively.)

THA contends that this Court's November 15, 2005 Memorandum Order (Doc. No. 1282), August 3, 2005 Revised Order (Doc. No. 1256) and August 9, 2005 Order (Doc. No. 1261) should be altered or amended to clarify that the Court did not find that hospital-providers or physician-providers are state actors. (Doc. No. 1289 at 2.) "THA contends that the District Court did not, and never had to, reach the constitutional question of whether a provider's action or inaction is state action." (*Id.* at 5.) Defendants agree with THA's contention and further Defendants state:

> To the extent provider participation is necessary to ensure compliance with the Court's orders, the Court's conclusion that the State bears responsibility for certain actions taken by providers was premised entirely upon the contractual relationship between the State and providers. *See Tennessee Assoc. of Health Maint. Orgs., Inc. v. Grier,* 262 F.3d 559 (6th Cir.2001). Nothing in that contractual relationship converts private providers to state actors, and none of the Court's substantive rulings depend upon providers being deemed state actors.

(Doc. No. 1308 at 2.) Accordingly, Defendants also request a clarification that the Court's orders and opinion did not reach the constitutional question whether providers are state actors. Plaintiffs argue that the Court correctly decided the issue, oppose THA's Motion and assert that it is unnecessary to amend or alter the Court's prior rulings. (Doc. No. 1316.) Having

the last word, Plaintiffs–Intervenors succinctly summarized:

> [I]t appears ... all ... parties ... are content to have the Court treat its holdings regarding 'provider inaction' ..., as requiring legal support only from the consent decree itself (as further modified by the recent litigation) and from the contractual and subcontractual working relationships of the TennCare program ... and not from the Fourteenth Amendment concept of 'state action' or the related concept of action 'under color of law' set forth by 42 U.S.C. § 1983.

(Doc. No. 1317 at 2.) Thus, while Plaintiffs–Intervenors do not oppose THA's request to amend or alter the Court's rulings, they agree with Plaintiffs that it is unnecessary to do so. (*Id.*)

## I. FACTUAL BACKGROUND

In its Motion to Modify and/or Clarify the Consent Decree (Doc. No. 1086), Defendants requested, among others, the following modifications: ·

(d) Where no prior authorization has been sought for a drug requiring such authorization in order to be treated as a covered service (and therefore no prior authorization request has been denied), there will be no state action from which a valid appeal can be taken.... (*Id.* at 2.)

(h) A provider's refusal to render a requested service because the enrollee has reached a benefit limit does not, on its own, constitute action by the State, and the State need not provide notice in those circumstances.... (*Id.* at 3.)

(i) A provider's refusal to provide a requested service because the enrollee did not pay the co-pay does not constitute action by the State, and the State need not provide notice in those circumstances. (*Id.* at 4.)

Shortly after closing arguments, the Court issued an order denying these requests stating:

A valid appeal may be taken where no prior authorization has been sought for a drug requiring such authorization in order to be treated as a covered service.... (Doc. No. 1256 at 7, ¶ (iv)(4).) A provider's refusal to render a requested service because the enrollee has reached a benefit limit *constitutes action by the State*, and the State shall provide notice in those circumstances. *See Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559 (6th Cir. 2001). This ruling does not preclude the State from creating a standard, pre-printed notice for distribution by providers in such situations. (Doc. No. 1256 at 9, ¶ (viii)(4)) (emphasis added).

A provider's refusal to provide a requested service because the enrollee did not pay the co-pay *constitutes action by the State*, and the State shall provide notice in those circumstances. *See Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559 (6th Cir. 2001). This ruling does not preclude the State from creating a standard, pre-printed notice for distribution by providers in such situations. (Doc. No. 1256 at 10, ¶ (ix)(4)) (emphasis added).

Defendants immediately filed a Motion to Alter or Amend Revised Order (Doc. No. 1258) seeking, among other things, modification of subparagraph (iv)(4), to which Plaintiffs–Intervenors and Plaintiffs responded (Doc. Nos. 1259 and 1260, respectively), but Defendants–Intervenors did not. The Court issued another order modifying subparagraph (iv)(4) in part. The Court, however, declined to reverse its ruling that "[a] valid appeal may be taken where no prior authorization has been sought for a drug requiring such authorization in order to be treated as a covered service...." The Court based its ruling on the following:

The Revised Order held that a provider is an agent of the State. *See Tenn. Ass'n. of Health Maint. Orgs., Inc. ("TAHMO") v. Grier*, 262 F.3d 559, 565 (6th Cir.2001). *TAHMO* held that MCOs, as contractors of the TennCare program, are responsible for administration of the TennCare program and are therefore agents of the State. *Id.* Providers, in turn, are subcontractors of the TennCare program and are responsible for providing care in accordance with the TennCare program. *See* Long Testimony, Tr. Vol. V–D at 1147:3–7. Accordingly, providers are also agents of the State. A provider's failure to request prior authorization constitutes denial of prior authorization, which denial is appealable.

(Doc. No. 1261 at 3, ¶ 1.) Finally, on November 15, 2005, the Court issued its Memorandum explaining its prior Orders. (Doc. No. 1282.) With regard to the portions of Defendants' request for modification (d), (h) and (i) that are currently at issue, the Court stated:

As a result, the narrow question before the Court is whether the provider's failure to obtain prior authorization or refusal to render services because an enrollee has reached a benefit limit or refuses to pay a co-payment, may be attributable to the State.

In *TAHMO v. Grier*, 262 F.3d 559, 565 (6th Cir.2001), the Sixth Circuit held that MCOs 'are subject to the control of the State insofar as they are contractually bound to follow whatever appeals and grievance procedures the State deems appropriate. Moreover, the [MCOs] are acting on behalf of the State....' Accordingly, the Sixth Circuit held that because MCOs are contractors who are controlled by the State and act on behalf of the State, they are agents of the State.

Providers, in turn, are subcontractors of the TennCare program and are respon-

sible for providing care in accordance with the rules of the TennCare program. Although there is no contract between a provider and the TennCare Bureau, providers are subject to the control of the State and act on behalf of the State. That is, just as MCOs are required to follow TennCare's appeals procedures, providers are required to comply with TennCare's rules and regulations. If not, providers may be excluded from the provider network. Similarly, providers act on behalf of the State by providing medical care. Without providers, the State could not provide medical care to enrollees. Therefore, as subcontractors of the TennCare program, providers are also agents of the State. There is ample evidence that providers are already treated as subcontractors and agents of the TennCare program.

First, Dr. Long testified that providers are in effect sub-contractors of Tenn-Care even though there is no actual contract. (Doc. No. 1183, Tr. at 1147.) Second, a series of questions posed by MCCs and answered by the State and the Plaintiffs treat providers as subcontractors by, for example, permitting them to issue notices of discharge plans; requiring providers to comply with notice provisions as a condition of participation in TennCare; and, importantly, requiring MCCs and the State to be liable for subcontractors acting on behalf of MCCs. (*See* Def. Ex. 699 at 3–4, 9.) Third, CMS also expects that "[p]hysicians (or other providers with prescribing authority) participating in TennCare will be responsible for requesting prior authorization, according to procedures to be established by the State." (Def. Ex. 339 Att. F § II.1(B), at ii.)

Accordingly, a provider's failure to request prior authorization, or refusal to render services because an enrollee has reached a benefit limit or refuses to pay a co-payment, is attributable to the State because a provider is a subcontractor and agent of TennCare. As such, the State is required to provide notice of an enrollee's right to a hearing and the portions of proposed modifications (d), (h), and (i) seeking to avoid such notice are denied. The State may provide notice of an enrollee's right to appeal by creating a standard, preprinted notice for distribution by providers when they refuse to render service for benefit limit and co-payment reasons. (Doc. No. 1282 at 68–9.)

## II. CONCLUSION

Although framing their request for modification in terms of "state action," during the course of trial and in their post-trial papers Defendants did not address the constitutional question of whether a provider may be considered a state actor. Neither did any of the other parties. In resolving this issue, the Court itself *did not* address the constitutional question of whether a provider is a state actor, and *did not* hold that providers are state actors. Instead, relying on *TAHMO,* the Court held that providers are agents and subcontractors of the State. As a result, to the extent provider participation is necessary to ensure compliance with the Court's orders, the Court's conclusion that the State bears responsibility for certain actions taken by providers was premised *entirely* upon the *contractual* relationship between the State and providers.

Admittedly, however, the Court's August 3, 2005 Order stated that in the context of benefit limits and co-payments, a provider's refusal to render service "constitutes action by the State." (Doc. No. 1256 at 9–10, ¶¶ (viii)(4), (ix)(4).) This was clear error because the Court did not address the constitutional question whether a provider may be a state actor. When a party demonstrates clear error in a court's prior ruling, a Rule 59(e) motion to alter or amend that prior ruling may be granted in

the court's discretion. *Al–Sadoon v. FISI Madison Financial Corp.,* 188 F.Supp.2d 899, 901 (M.D.Tenn.2002).

Therefore, the Court **GRANTS** THA's Motion to Amend Judgment (Doc. No. 1289), which HAT has joined (Doc. No. 1302), and **AMENDS** its August 3, 2005 Order as follows:

> The State shall provide notice when a provider refuses to render a requested service because the enrollee has reached a benefit limit. *See Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier,* 262 F.3d 559 (6th Cir.2001). This ruling does not preclude the State from creating a standard, preprinted notice for distribution by providers in such situations. (Amending Doc. No. 1256 at 9, ¶ (viii)(4).)

> The State shall provide notice when a provider refuses to provide a requested service because the enrollee did not pay the co-pay. *See Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier,* 262 F.3d 559 (6th Cir.2001). This ruling does not preclude the State from creating a standard, preprinted notice for distribution by providers in such situations. (Amending Doc. No. 1256 at 10, ¶ (ix)(4).)

While the Court is not persuaded that its August 9, 2005 Order and November 15, 2005 Memorandum require alteration or amendment, or that the August 3, 2005 Order requires further alteration, the Court **CLARIFIES** that individually or together these Orders and Memorandum do not constitute a finding that hospital-providers or physician-providers are state actors.

Finally, THA's Alternative Motion for a Partial New Trial is **DENIED**.

It is so ORDERED.